UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X        1:11-cv-03321-JSR
BRIAN JOHNSTON and NILE CHARLES,
                                                              :
                 Plaintiffs,                                  :
        v.                                                    :
                                                              :
APPLE INC.,                                                   :
                                                              :
                 Defendant.                                   :
------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND 12(D)

*Of counsel*:
Thomas M. Crispi
Kellen G. Ressmeyer

SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York, New York 10103
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

*Attorneys for Apple Inc.*

# TABLE OF CONTENTS

1.   Preliminary Statement...................................................................................... 1

2.   Statement of Facts............................................................................................ 2

3.   The Complaint Against Apple Inc .................................................................. 2

4.   Analysis............................................................................................................ 3

    a.   Standard of Review Pursuant to Fed. R. Civ. P. 12(b)(6)...................... 3

    b.   As a Matter of Law, No Employment Relationship Existed Between Apple
       Inc. and the "Head of Security" ............................................................. 4

    c.   Plaintiffs Fail to State a Claim for Negligence ..................................... 4

       i.    Apple Owed No Duty to Protect Plaintiffs From Racial
          Discrimination.............................................................................. 4

       ii.   The Complaint Fails to State a Cognizable Injury...................... 5

       iii.  Apple Had No Duty of Care to Protect Plaintiffs From Racism
          Perpetrated by Independent Contractors or Contractors' Employees........ 5

    d.   Plaintiffs Fail to State a Claim for Relief Pursuant to 42 U.S.C. § 1981............... 6

       i.    Plaintiffs Fails to Allege Any Injury to a Contractual Interest and
          Therefore Fail to State a Claim under 42 U.S.C. § 1981 .......................... 7

       ii.   The Complaint Fails to Allege Any Discriminatory Conduct On
          the Part of Any Apple Employee and Therefore Fails to State a
          Claim Under 42 U.S.C § 1981 ................................................... 8

    e.   Plaintiffs Can Show No Entitlement to Relief Pursuant to 42 U.S.C. §
       1982........................................................................................................ 9

    f.   Plaintiffs Can Show No Entitlement to Relief Pursuant to New York State
       Executive Law 15 § 296 ........................................................................ 9

    g.   Plaintiffs Can Show No Entitlement to Relief Pursuant to the
       Administrative Code of the City of New York § 8-107...................... 10

    5.   In the Alternative, Apple Inc. Requests Judgment Pursuant to Fed. R. Civ.
       P. 12(d)................................................................................................. 11

6.   Plaintiffs Can Recover No Punitive Damages, Fees or Costs from Apple Inc............... 12

7.   Leave to Amend is Futile............................................................................... 12

8.   Conclusion ..................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937, 1949, 1950-53 (2007)................................................................ 2, 3, 12

*Austin v. Ford Models, Inc.,*
  149 F.3d 148 (2d Cir. 1998)............................................................................... 3

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)......................................................................................... 2

*Bowen v. Nat'l R.R. Passenger Corp.,*
  363 F. Supp. 2d 370, 373 (N.D.N.Y. 2005)........................................................ 4

*Brown v. Bronx Cross County Med. Gp.,*
  834 F. Supp. 105, 109-110 (S.D.N.Y. 1993) ...................................................... 4, 5

*Brown v. City of Oneonta,*
  221 F.3d 329, 339 (2d Cir. 2000)....................................................................... 6

*Chapman v. Best Buy,*
  2007 WL 3532696, at *2 (N.D.N.Y. Nov. 13, 2007) ........................................... 5, 10

*Church of Scientology Int'l v. Time Warner, Inc.,*
  806 F. Supp. 1157 (S.D.N.Y. 1992).................................................................... 3

*Cortec Indus., Inc. v. Sum Holding L.P.,*
  949 F.2d 42, 47 (2d Cir. 1991)........................................................................... 3

*Donaldson, Lufkin & Jenrette Sec. Corp.,*
  7 F.3d 1085, 1088 (2d Cir. 1993)....................................................................... 3

*Forrest v. Jewish Guild for the Blind,*
  3 N.Y.3d 295, 305 n.3, 786 N.Y.S.2d 382 (2004) ............................................... 10

*Gaeta v. Compagnie Maritime Belge (Lloyd Royal) S.A.,*
  359 F. Supp. 493 (S.D.N.Y. 1973) ..................................................................... 6

*Ginx, Inc. v. Soho Alliance,*
  720 F. Supp. 2d 342, 361 (S.D.N.Y. 2010)......................................................... 7

*Gregory v. Daly,*
  243 F.3d 687, 691 (2d Cir. 2001)....................................................................... 3

*Hill v. Rayboy-Brauestein,*
  467 F. Supp. 2d 336, 368 (S.D.N.Y. 2006)......................................................... 8

*Holmes v. Grubman,*
  568 F.3d 329, 334 (2d Cir. 2009)....................................................................... 13

*Kleeman v. Rheingold,*
  614 N.E.2d 712, 715, 81 N.Y.2d 270. 273 (1993)................................................ 6

*Lazaro v. Good Samaritan Hosp.,*
  54 F. Supp. 2d 180, 184 (S.D.N.Y. 1999) .......................................................... 7

*Lewis v. J.C. Penney Co., Inc.,*
  948 F. Supp. 367, 370-71 (D. Del. 1996) ........................................................... 7

*Mallery v. NBC Universal, Inc.,*
  2007 WL 4258196, *2 (S.D.N.Y. Dec. 3, 2007), *aff'd* 331 Fed. Appx. 821 (2d Cir. 2009)..... 11

*Mazurek v. Wolcott Bd. of Educ.,*
  815 F. Supp. 71, 77 (D.Conn. 1993)................................................................... 3

*McCarthy v. Olin Corp.,*
  119 F.3d 148, 156 (2d Cir. 1997)....................................................................... 6

*Muniz v. State,*
   1997 WL 576033, at *2 (S.D.N.Y. Sept. 15, 1997)....................................................................... 8
*Murray v. Nat'l Broad. Co.,*
   844 F.2d 988, 995 (2d Cir.), *cert. denied,*
   488 U.S. 955 (1988)........................................................................................................................ 7
*Myrieckes v. Woods,*
   2010 WL 4903621, at *3 (S.D.N.Y. Dec. 1, 2010) ................................................................. 11
*Pavel v. Plymouth Mgmt. Gp., Inc.,*
   2005 WL 2659089, at *1 (E.D.N.Y. Oct. 18, 2005)................................................................. 11
*Perry v. Burger King Corp.,*
   924 F. Supp. 548, 533 (S.D.N.Y. 1996)............................................................................... 4, 5
*Phillips v. Hunter Trails Community Ass'n,*
   685 F.2d 184, 187-89 (7th Cir. 1982) ....................................................................................... 9
*Prozeralik v. Capital Cities Comm., Inc.,*
   626 N.E.2d 34, 82 N.Y.2d 466, 479 (1993).............................................................................. 12
*Rivera v. Hertz Corp.,*
   990 F. Supp. 234, 236-37 (S.D.N.Y. 1977) .............................................................................. 9
*Rivera v. United States,*
   928 F.2d 592, 608 (2d Cir. 1991).............................................................................................. 9
*Rovira v. New York Apparel Sales,*
   2002 WL 1471557, at *2 n.4 (E.D.N.Y. May 31, 2002) .......................................................... 11
*Schnall v. Marine Midland Bank,*
   1999 WL 498194, at *1 (S.D.N.Y. July 14, 2009).................................................................3, 4
*Shipping Fin. Servs. Corp. v. Drakos,*
   140 F.3d 129, 131 (2d Cir. 1998)............................................................................................... 1
*Sotomayor v. Kaufman, Malchman, Kirby & Squire,*
   252 A.D.2d 554, 675 N.Y.S.2d 894 (2d Dept. 1998) .............................................................. 10
*Sterling v. Kazmierczak,*
   983 F. Supp. 1186, 1191-92 (N.D. Ill.1997).............................................................................. 7
*Studifin v. New York City Police Dep't,*
   1991 WL 60379 (S.D.N.Y. Apr. 8, 1991).................................................................................. 9
*Tejwani v. United Airlines, Inc.,*
   2009 WL 860064, at *4 (S.D.N.Y. March 31, 2009) ................................................................ 8
*Waldron v. Rotzler,*
   862 F. Supp. 763, 769 (N.D.N.Y. 1994)................................................................................. 8, 9
*Wesley v. Don Stein Buick, Inc.,*
   42 F. Supp. 2d 1192, 1199-1200 (D. Kan. 1999)....................................................................... 7
*Zelen v. City of Saratoga Springs,*
   187 A.D.2d 818, 819, 589 N.Y.S.2d 709, 711 (3d Dept. 1992) .............................................. 11

**Statutes**
42 U.S.C. § 1981 ....................................................................................................*passim*
42 U.S.C. § 1981(a) ....................................................................................................... 6
42 U.S.C. § 1982 .................................................................................................. 1, 2, 12
Administrative Code of the City of New York § 8-107................................ 1, 2, 10, 12
Federal Rule of Civil Procedure 12(b)(6) ........................................................ 1, 2, 3, 13
Federal Rule of Civil Procedure 12(d)............................................................. 1, 11, 13

New York State Executive Law 15 § 296............................................................................*passim*

**Other Authorities**
5B FED. PRAC. & PROC. CIV. § 1357 (3d ed.) ................................................................................. 2
Prosser and Keeton, TORTS § 2, at 9-10 (5th ed. 1984) ................................................................. 12
RESTATEMENT (SECOND) OF TORTS § 908 (1979)......................................................................... 12

Defendant Apple Inc. ("Apple") respectfully submits this memorandum of law in support of its motion for judgment as a matter of law, pursuant to Rules 12(b)(6) and 12(d) of the Federal Rules of Civil Procedure.

## 1.   PRELIMINARY STATEMENT

In this case, Plaintiffs assert negligence and civil rights claims arising out of an alleged instance of racial discrimination perpetrated by an independent contractor at the Apple Store located at 1981 Broadway, New York, New York.[1]  But New York imposes no negligence liability upon employers for racial discrimination against customers.  Nor does New York impose liability upon Apple for the conduct of its independent contractors.  Accordingly, Plaintiffs' Complaint seeking damages for common law negligence, and alleged violations of 42 U.S.C. §§ 1981, 1982, New York State Executive Law 15 § 296 and the Administrative Code of the City of New York § 8-107 (collectively, the "civil rights claims"), sets forth no cognizable entitlement to relief.  Apple is, therefore, entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 12(b)(6), (d).

## 2.   STATEMENT OF FACTS[2]

The Complaint identifies plaintiffs Brian Johnston and Nile Charles ("Plaintiffs") as aggrieved African-American visitors to the flagship Apple Store at 1981 Broadway in New York City (the "Apple Store").  Compl. ¶¶ 3, 5, 10, 14.  According to the Complaint, during the

---

[1] Apple Inc. is committed to ensuring the highest standards of social responsibility.  As such, Apple Inc. decries any and all racial animus alleged herein and affirms that its commitment to diversity and tolerance extends to all parties with whom Apple Inc. transacts business.

[2] At the motion to dismiss stage, the Court assumes as true "all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Accordingly, this Statement of Facts sets forth the facts in the light most favorable to the Plaintiffs.  Neither this statement, nor the recitation of facts in the argument, constitutes a concession.

course of Plaintiffs' December 9, 2010 visit to the Apple Store, the "Head of Security" approached them and stated:

> Either you're here to see a Mac Specialist or to purchase something. If you are not doing either you have to leave the store. And before you say I'm racially discriminating against you let me stop you. I am discriminating against you. I don't want "your kind" hanging out in the store.

Compl. ¶¶ 22-23. In response, Plaintiffs assert that they requested to speak to a store manager to file a complaint. *Id.* ¶ 27. The "Head of Security" informed them that "there was no complaint to be made and walked away from the Plaintiffs, deliberately ignoring their request[.]" *Id.* Plaintiffs assert that they then searched the Apple Store, located a manager, and informed the manager of their allegedly discriminatory experiences with the Head of Security. The Complaint states that the manager then asked the "Head of Security" to call 911. *Id.* ¶ 30.

### 3.    THE COMPLAINT AGAINST APPLE INC.

In February 2011, Plaintiffs filed the instant five-count Complaint against Apple alleging (1) negligent hiring and retention; and violations of (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 1982; (4) New York State Executive Law Article 15 § 296; and (5) Administrative Code of the City of New York § 8-107. Plaintiffs seek compensatory damages, punitive damages, costs and disbursements.

### 4.    ANALYSIS

#### a.    STANDARD OF REVIEW PURSUANT TO FED. R. CIV. P. 12(B)(6).

Plaintiffs' Complaint against Apple fails to state a claim under Fed. R. Civ. P. 12(b)(6), as construed by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2007). To survive a motion to dismiss, the Complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

In reviewing a motion to dismiss, "[t]he court is not limited to the four corners of the complaint." 5B FED. PRAC. & PROC. CIV. § 1357 (3d ed.); *accord Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) ("We include in this [Fed. R. Civ. P. 12(b)(6)] analysis not only the assertions made within the four corners of the complaint itself, but also those contained in documents attached to the pleadings or in documents incorporated by reference." (citing *Austin v. Ford Models, Inc.*, 149 F.3d 148, 152 (2d Cir. 1998); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). The Court also may consider documents incorporated into complaint by reference and information that could be judicially noticed. *Church of Scientology Int'l v. Time Warner, Inc.*, 806 F. Supp. 1157 (S.D.N.Y. 1992). And, "[t]he court may consider documents that were neither attached to nor incorporated by reference in the complaint when plaintiff has undisputed notice of the contents of those documents and they are integral to the plaintiff's claim." *Schnall v. Marine Midland Bank*, 1999 WL 498194, at *1 (S.D.N.Y. July 14, 2009) (citations omitted).

Unless each element of a claim is supported by factual content that makes the existence of that element plausible, not just conceivable, the complaint should be dismissed. *Iqbal*, 129 S.Ct. at 1950-53; *Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) ("It is well established that mere conclusory allegations are insufficient to establish a cause of action for a violation of civil rights." (quoting *Mazurek v. Wolcott Bd. of Educ.*, 815 F. Supp. 71, 77 (D.Conn. 1993))).

> **b. AS A MATTER OF LAW, NO EMPLOYMENT RELATIONSHIP EXISTED BETWEEN APPLE INC. AND THE "HEAD OF SECURITY."**

The Complaint's only factual allegations of actionable misconduct proceed against the "Head of Security". Compl. ¶¶ 22-26. The Plaintiffs mistakenly allege that the "Head of Security" was Apple's employee. *See* Compl. ¶¶ 20-26. No employer-employee relationship,

-3-

however, existed between Apple Inc. and the "Head of Security" identified in the Complaint. *Compare* May 23, 2011 Declaration of Pierre Auguste ("Auguste Dec."), Ex. A.1 ("Apple Inc. Services Agreement with Omniscient Investigation Corporation") *with Schnall v. Marine Midland Bank*, 1999 WL 498194, at *1 (S.D.N.Y. July 14, 2009) (citations omitted) (permitting reference to documents integral to Plaintiff's claim). Apple's contract with Omniscient Investigation Corporation ("Omniscient") affirms that any security personnel named in the Complaint were employees of independent contractor, Omniscient. *See* Apple Inc. Services Agreement with Omniscient Investigation Corporation, at 22 ¶ 5.0 ("Relationship of the Parties").

### c.   PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENCE.

The sole allegation of negligence against Apple challenges its conduct in hiring and retaining its management personnel. Compl. ¶ 39. The Complaint is unclear, however, whether such negligence is alleged against Apple management for its security contract with Omniscient or against the Broadway store manager on-site on December 9, 2010. Under either theory, the Complaint states no viable claim.

### i.   APPLE OWED NO COMMON LAW DUTY TO PROTECT PLAINTIFFS FROM RACIAL DISCRIMINATION.

Plaintiffs' allegations of racial discrimination by an Apple employee are insufficient to sustain any claim of negligent hire, retention, or supervision against Apple. "In order to prove negligence, [a] plaintiff must demonstrate (1) the existence of a legal duty owed to the plaintiff; (2) a breach of that duty; and (3) *injury* to [the] plaintiff [actually and] proximately resulting from such breach." *Bowen v. Nat'l R.R. Passenger Corp.*, 363 F. Supp. 2d 370, 373 (N.D.N.Y. 2005) (emphasis added).

As this Court announced in *Brown v. Bronx Cross County Med. Gp.*, "New York courts have not recognized claims for negligent hiring of an employee whose subsequent offense involved racial harassment." 834 F. Supp. 105, 109 (S.D.N.Y. 1993); *accord Perry v. Burger King Corp.*, 924 F. Supp. 548 (S.D.N.Y. 1996) (dismissing negligent hire and supervision claim against employer because Plaintiffs' allegations of racial discrimination failed to state a claim for negligence). New York common law thus vests Apple with no duty to protect Plaintiffs from racial discrimination under a negligent hiring and supervision theory.

Nor does Plaintiffs' alleged injury of racial discrimination constitute a cognizable basis for relief. As this Court recognized in *Brown* and *Perry*, *supra*, New York's recognition of negligent hiring and retention of an employee has been constrained to instances resulting in "significant physical injury." *Perry*, 924 F. Supp. at 553 (*Brown*, 834 F. Supp. at 110)). Plaintiffs' allegations assert injuries arising out of racial discrimination and make no claim for any physical injury. *See* Compl. ¶¶ 31-37. *Brown*, therefore, compels dismissal of Plaintiffs' negligence claim.

ii.    THE COMPLAINT FAILS TO STATE A CLAIM FOR NEGLIGENCE.

The Complaint also fails to establish that Apple proximately caused any injury to the Plaintiffs. Plaintiffs sum up their injury in ¶ 34 of the Complaint, saying that "[Apple's] discriminatory and intolerable treatment of Plaintiffs entitles them to recovery. But the Complaint's sole allegations of actionable misconduct target non-employees—namely, the security personnel of Omniscient. The Complaint, therefore, offers no factual predicate for the assertion that *Apple*, or any *Apple* employee, actionably mistreated or otherwise breached any duty to the Plaintiffs that proximately caused the alleged racial discrimination against them. Accordingly, the Complaint fails to state a claim for negligence against Apple. *See Chapman v. Best Buy*, 2007 WL 3532696, at *2 (N.D.N.Y. Nov. 13, 2007) (dismissing negligence claim on

the basis that Plaintiff failed to show that Defendant's conduct resulted in the alleged discrimination).

### iii. APPLE HAD NO DUTY OF CARE TO PROTECT PLAINTIFFS FROM RACISM PERPETRATED BY INDEPENDENT CONTRACTORS OR CONTRACTORS' EMPLOYEES.

Under New York law, no negligence action against Apple can proceed for the conduct of its independent contractors or their contractors' employees. As a general rule, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts." *Kleeman v. Rheingold*, 614 N.E.2d 712, 715, 81 N.Y.2d 270, 273 (1993) (citing cases). In light of the security company's status as an independent contractor, Plaintiffs can make no showing that Apple owed them any duty with respect to the security company's conduct. *See Gaeta v. Compagnie Maritime Belge (Lloyd Royal) S.A.*, 359 F. Supp. 493 (S.D.N.Y. 1973). "In the absence of a duty, as a matter of law, no liability can ensue." *McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir. 1997) (internal quotation marks omitted).

### d. PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. § 1981.

Plaintiffs fail to state a claim pursuant to 42 U.S.C. § 1981. In relevant part, section 1981 protects the right of "[a]ll persons within the jurisdiction of the United States . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

To survive a motion to dismiss a § 1981 claim, Plaintiffs must allege facts supporting the following elements: (1) plaintiffs are a member a racial minority; (2) defendant intended to discriminate against them on the basis of race; and, as a result, (3) plaintiffs actually suffered

discrimination concerning one of the statute's enumerated activities (as pertinent here, the making and enforcement of contracts). *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000).

      The Complaint alleges no injury to a cognizable contractual interest. Nor does it offer a factual basis for any inference of discriminatory intent by Apple or its employees. The Complaint's sole factual basis in support of discriminatory intent arises out of an interaction with Omniscient. Plaintiffs thus fail to state a claim for relief pursuant to 42 U.S.C. § 1981.

      **i.**    **PLAINTIFFS FAIL TO ALLEGE ANY INJURY TO A CONTRACTUAL INTEREST AND THEREFORE FAIL TO STATE A CLAIM UNDER 42 U.S.C. § 1981.**

      Section 1981 applies solely to intentional racial discrimination in the making and enforcement *of contracts*. *Lazaro v. Good Samaritan Hosp.*, 54 F. Supp. 2d 180, 184 (S.D.N.Y. 1999) ("[Section] 1981 claims require evidence of intentional discrimination that has interfered with a contractual relationship." (citing *Murray v. Nat'l Broad Co.*, 844 F.2d 988, 995 (2d Cir.), *cert. denied*, 488 U.S. 955 (1988)). *See Ginx, Inc. v. Soho Alliance*, 720 F. Supp. 2d 342, 361 (S.D.N.Y. 2010) ("Because the plaintiffs have not identified any specific contract that the [defendants] prevented them from making, their § 1981 claim must be dismissed.").

      Despite conclusory allegations of "interference" with the "right to purchase personal property," *see* Compl. ¶ 31, Plaintiffs offer no basis from which to infer any interference with a contractual interest by Apple. *Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1199-1200 (D. Kan. 1999) (the injury necessary to sustain a Section 1981 claim must "involve the actual loss of a contract interest, not merely the possible loss of future contract opportunities." (citing cases)); *Sterling v. Kazmierczak*, 983 F. Supp. 1186, 1191-92 (N.D. Ill.1997) (granting motion to dismiss on the basis that plaintiff could only show he was "browsing about the store" and "suffered a possible loss of a future contract opportunity" rather than "an actual loss of a contract

interest"); *Lewis v. J.C. Penney Co., Inc.*, 948 F. Supp. 367, 370-71 (D. Del. 1996) (rejecting the argument that there existed "an unstated, unwritten contract between commercial establishments and the public, that all who enter the premises of the former will be treated equally regardless of race[]").  The absence of any cognizable injury to a contractual interest is fatal to Plaintiffs' pursuit of relief under 42 U.S.C. § 1981.

> ### ii.  THE COMPLAINT FAILS TO ALLEGE ANY DISCRIMINATORY CONDUCT ON THE PART OF ANY APPLE EMPLOYEE AND THEREFORE FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1981.

The pleadings contain no factual basis to support a finding of race-based discrimination on the part of any Apple employee.  *Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 368 (S.D.N.Y. 2006) ("[D]iscriminatory intent is a necessary element of a § 1981 claim.").  The Complaint's allegations of race-based animus run from, and only from, the security guard – an employee of independent contractor, Omniscient.  *See* Compl. ¶¶ 20-28.  The only factual allegation of conduct against Apple accuses its employee of directing security to call 911.  Compl. ¶ 30.  And, despite the Complaint's attempt to imbue the call with indicia of discriminatory intent, Plaintiffs offer no more than conclusory factual assertions that are insufficient to survive a motion to dismiss.  *See id.* ("In order to further harass, degrade, humiliate, and discriminate against Plaintiffs, the manager asked Defendant's "Head of Security" to call 911.").  The Complaint thus contains no factual basis for any inference of racial animus perpetrated by an employee of Apple or any of its employees.  *Muniz v. State*, 1997 WL 576033, at *2 (S.D.N.Y. Sept. 15, 1997) (dismissing § 1981 claim because "Plaintiffs must allege facts in support of each element and cannot merely recite conclusory assertions. Plaintiffs have not alleged any facts which can be read to constitute racial discrimination or from which a reasonable inference of discriminatory intent can be drawn." (internal citation omitted)).  Plaintiffs, therefore, fail to state a claim for discriminatory conduct under Section 1981.  *Tejwani*

*v. United Airlines, Inc.*, 2009 WL 860064, at *4 (S.D.N.Y. March 31, 2009) (dismissing § 1981 for failure to allege that "any [defendant] employee uttered any derogatory remarks or comments or that any [defendant] employee encouraged such behavior[.]"); *Waldron v. Rotzler*, 862 F. Supp. 763, 769 (N.D.N.Y. 1994) ("Failure to allege such facts makes the claim incomplete.").

### e.   PLAINTIFFS CAN SHOW NO ENTITLEMENT TO RELIEF PURSUANT TO 42 U.S.C. § 1982.

Plaintiffs' failure to provide any plausible factual basis for a finding of intentional, race-based discrimination on the part of Apple or its employees is also fatal to their claim under 42 U.S.C. § 1982.  "To state a claim under § 1982, just as with § 1981, plaintiff must show that *defendants* deprived him of his rights due directly to his race.  Plaintiff must plead both the existence of racial animus and intentional discrimination." *Waldron*, 862 F. Supp. 763, 769 (citing *Studifin v. New York City Police Dep't*, 1991 WL 60379, at *3 (S.D.N.Y. Apr. 8, 1991)); *see also Gen. Bldg. Contractors Ass'n*, 458 U.S. at 390-91 (stating that § 1981 only prohibits intentional discrimination); *Phillips v. Hunter Trails Community Ass'n*, 685 F.2d 184, 187-89 (7th Cir. 1982) (explaining that the intent requirement of § 1981 also applies to § 1982). As noted, *supra*, Plaintiffs sole allegation of racial animus is against the Security Guard – an employee of independent contractor, non-party Omniscient.   The Complaint contains no allegation of racial animus perpetrated by an employee of Apple.  The Complaint, therefore, offers no factual basis for a finding of discrimination on the part of Apple or any of its employees. Thus, Plaintiffs fail to state a claim under § 1981. *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991) (Section 1982 claims "require proof of intentional discrimination" (citations omitted)).

### f.   PLAINTIFFS CAN SHOW NO ENTITLEMENT TO RELIEF PURSUANT TO NEW YORK STATE EXECUTIVE LAW 15 § 296.

Plaintiffs' attempt to state a claim pursuant New York State Executive Law § 296(2)(a) likewise fails.  To make out a claim under New York State Executive Law § 296, plaintiffs must show that Apple's actions were "purposefully discriminatory."  *Rivera v. Hertz Corp.*, 990 F. Supp. 234, 236-237 (S.D.N.Y. 1977); New York Executive Law § 296(2)(a).  In other words, "properly supported facts must be shown from which an inference of discrimination can be drawn."  *See Chapman,* 2007 WL 3532696, at *1 ("mere conclusory allegations are insufficient"); *Sotomayor v. Kaufman, Malchman, Kirby & Squire*, 252 A.D.2d 554, 554, 675 N.Y.S.2d 894 (2d Dept. 1998) (dismissing § 296 claim because Plaintiff "offered instead only conclusory assertions without factual support").  The Complaint contains no factual support for a plausible inference that Apple—or its employees—engaged in purposeful discrimination against any Plaintiff.  Under its most liberal construction, the Complaint contains an acknowledgment that Plaintiffs, African Americans, endured a very bad experience at an Apple Store.  "This is clearly insufficient to support a claim of discrimination [against Apple] under any statute."  *See Chapman*, 2007 WL 3532696 (granting defendant judgment as a matter of law on Plaintiff's discrimination claim).  Accordingly, Plaintiffs have failed to state a claim of discrimination under New York State Executive Law § 296.

g.    **PLAINTIFFS CAN SHOW NO ENTITLEMENT TO RELIEF PURSUANT TO THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK § 8-107.**

Plaintiffs' failure to state a claim under New York State Executive Law § 296 is fatal to their attempt to state a claim pursuant to New York City Administrative Code of the City of New York § 8-107.  As the New York Court of Appeals affirmed in *Forrest v. Jewish Guild for the Blind*, "the human rights provisions of the New York City Administrative Code mirror the provisions of the Executive Law and should therefore be analyzed according to the same standards."  3 N.Y.3d 295, 305 n.3, 786 N.Y.S.2d 382 (2004).  As noted, *supra*, the Complaint

contains no factual support for a plausible inference that Apple—or any of its employees—engaged in purposeful discrimination against any Plaintiff.  Accordingly, Plaintiffs have failed to state a claim under Administrative Code of the City of New York § 8-107.

### 5.    IN THE ALTERNATIVE, APPLE INC. REQUESTS JUDGMENT PURSUANT TO FED. R. CIV. P. 12(D).

Pursuant to Rule 12(d), this Court may convert the instant motion to dismiss into one for summary judgment.  *See* Fed R. Civ. P. 12(d); *see also Mallery v. NBC Universal, Inc.*, 2007 WL 4258196, at *2 (S.D.N.Y. Dec. 3, 2007), *aff'd* 331 Fed. Appx. 821 (2d Cir. 2009).  New York courts have deemed such conversion appropriate upon the submission of factual materials regarding dispositive issues.  *Myrieckes v. Woods*, 2010 WL 4903621, at *3 (S.D.N.Y. Dec. 1, 2010) (citing *Rovira v. New York Apparel Sales*, 2002 WL 1471557, at *2 n.4 (E.D.N.Y. May 31, 2002)); *see also Pavel v. Plymouth Mgmt. Group, Inc.*, 2005 WL 2659089, at *1 (E.D.N.Y. Oct. 18, 2005).  Where, as here, the relationship between defendant Apple Inc. and the "Head of Security" regards outcome-determinative, threshold issues, Rule 12(d) review is proper.  *See id.*

As noted, *supra*, the Complaint's factual allegations of discriminatory misconduct proceed against the "Head of Security."  Compl. ¶¶ 22-26.  No employer-employee relationship existed between Apple Inc. and the "Head of Security" identified in the Complaint.  *See* Auguste Dec. ¶ 3; *id.*, Ex. A, at 22 ¶ 5.0.  Security services at the Apple Store are provided by independent contractor, Omniscient.  *Id.*  Apple's agreement with Omniscient provides:

> **Definition of Supplier Personnel**: Supplier Personnel [Omniscient], as used in this Agreement, means Supplier's employees, agents, consultants and contractors. For the purposes of this Agreement, the acts and omissions of Supplier Personnel shall be deemed to be the acts and omissions of Supplier.

> **Relationship**.  Supplier is an independent entity providing services to Apple.  No employment relationship is created by this Agreement.

*Id.*

Given New York's exemption of employers from liability for the conduct of an independent contractor or its employees, *see Zelen v. City of Saratoga Springs*, 187 A.D.2d 818, 819, 589 N.Y.S.2d 709, 711 (3d Dept. 1992) (citations omitted), no liability may lie against Apple for the conduct of the "Head of Security" or any other provider of services on behalf of Omniscient. The Complaint fails to offer any factual basis for a finding of racial animus on the part of any employee of Apple. Thus, Plaintiffs have stated no claim under 42 U.S.C. §§ 1981, 1982, New York State Executive Law 15 § 296 or the Administrative Code of the City of New York § 8-107. Accordingly, Apple is entitled to summary judgment on all civil rights claims.

### 6.   PLAINTIFFS CAN RECOVER NO PUNITIVE DAMAGES, FEES OR COSTS FROM APPLE.

If the Complaint were permitted to stand or be re-plead, Plaintiffs could not recover punitive damages, fees or costs. The only allegation of misconduct against Apple accuses its employee of directing security to call 911. Compl. ¶ 30. Despite the Complaint's attempt to imbue the 911 call with discriminatory intent, Plaintiffs offer no more than conclusory factual assertions insufficient to survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949. As the Court announced in *Prozeralik v. Capital Cities Comm., Inc.*:

> Something more than the mere commission of a tort is *always* required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful [sic] or wanton.

626 N.E.2d 34, 82 N.Y.2d 466, 479 (1993) (quoting Prosser & Keeton, TORTS § 2, at 9-10 (5th ed. 1984)) (emphasis added); *accord* RESTATEMENT (SECOND) OF TORTS § 908 (1979). No allegation against any Apple employee contains the requisite aggravation, outrage, spite, malice, fraud or evil motive necessary to sustain a claim for punitive damages. *Prozeralik,* 626 N.E.2d 34, 82 N.Y.2d at 479.

### 7.   LEAVE TO AMEND IS FUTILE.

For the foregoing reasons, any grant of leave to amend Plaintiffs' Complaint against Apple would be futile.  Plaintiffs can allege no plausible set of facts that would demonstrate that (a) Apple owed any common law duty to Plaintiffs to prevent racial harassment; or (b) Apple possessed any discriminatory purpose or intent with respect to Plaintiffs' treatment. Accordingly, leave to amend should not be granted. *Holmes v. Grubman,* 568 F.3d 329, 334 (2d Cir. 2009) ("A district court has discretion to deny leave for good reason, including futility . . . ." (internal quotation marks and alteration omitted)).

### 8.   CONCLUSION

Accordingly, Apple Inc. respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice, pursuant to Rules 12(b)(6) and 12(d) of the Federal Rules of Civil Procedure.

Respectfully submitted,

SCHIFF HARDIN LLP

/s/ Thomas M. Crispi
Thomas M. Crispi
tcrispi@schiffhardin.com
Kellen G. Ressmeyer
kressmeyer@schiffhardin.com
666 Fifth Avenue, 17th Floor
New York, New York 10103
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

*Attorneys for Apple Inc.*