**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X

BRIAN JOHNSTON & NILE CHARLES,

                    Plaintiffs,                  <u>11-CV-3321(JSR)</u>

      v.

APPLE INC. & OMNISCIENT INVESTIGATION CORP.,
                    Defendants.

------------------------------------------------X

<u>MEMORANDUM OF LAW IN</u>
<u>OPPOSITION TO DEFENDANT APPLE'S MOTION TO DISMISS</u>

**Derek T. Smith Law Group**
William K. Phillips, Esq.
*Attorneys for Plaintiff*
30 Broad Street, 35th Floor
New York, NY 10004
(212) 587-0760

Jesse C. Rose (JR-2409)
Of Counsel

## TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Authorities ............................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL HISTORY ................................................................................................ 1

RELEVANT FACTS ........................................................................................................... 2

ARGUMENT ....................................................................................................................... 2

I. Standard on a Motion to Dismiss .................................................................... 2

II. Employment Relationships are a Question of Fact ........................................ 3

III. Plaintiffs Can Maintain a Cause of Action for Negligence ........................... 4

IV. Plaintiffs State a Claim Under 42 U.S.C. § 1981 .......................................... 5

V. Plaintiffs Are Entitled to Relief Under 42 U.S.C. § 1982 ............................. 6

VI. Plaintiffs Are Entitled to Relief Pursuant to New York State Executive Law § 296 and the Administrative Code of the City of New York § 8-107 ........................... 6

VII. Defendant Has Not Met Their Burden Under FRCP 56 ................................ 7

VIII. Defendant's Request to Dismiss Claims for Punitive Damages, Fees and Costs is Premature ........................................... 8

IX. Leave to Amend Would Not be Futile ............................................................ 8

CONCLUSION ................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)............................................................. 2

Bell Atlantic Corp. et al. v. Twombly et al., 550 U.S. 544, 555 (2007) ......................... 2

Brown v. State of NY, 12 Misc. 3d 633, 648 (NY Ct. of Claims 2006)......................... 4

Community for Creative Non-Violence v. Reid, 490 U.S. 730, 109 S.Ct. 2166,
    104 L.Ed.2d 811 (1989) ...................................................................... 3, 4, 7

Domino's Pizza, Inc. v. McDonald, 546 U.S. 470 (2006) ............................................. 5

Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 114 n. 1 (2nd Cir. 2000)........... 4

Runyon v. McCrary, 427 US 160, 168-171 (1976) ........................................................ 5

Salamon v. Our Lady of Victory Hosp., 514 F. 3d 217, 226 (2nd Cir. 2008) ............... 3, 7

State Farm Ins. Co. v Central Parking Sys., Inc., 18 AD3d 859, 860 (2nd Dept. 2005)................ 4

Tillman v. Wheaton-Haven Recreation Assn., Inc., 410 US 431, 439 (1973) ................ 5

**Statutes**

42 U.S.C. § 1981 ........................................................................................................... 5

42 U.S.C. § 1982 ........................................................................................................... 6

FRCP 12(b)(6) ................................................................................................. 1, 2, 3, 6

FRCP 12(d) ............................................................................................................... 3, 7

FRCP 56 .................................................................................................................... 1, 7

FRCP 56(d)(2) ............................................................................................................... 8

FRCP 8 .......................................................................................................................... 9

FRCP Rule 8(a)(2) ........................................................................................................ 2

NYCHRL § 8-107(13)(c) .............................................................................................. 6

NYCHRL § 8-107(3) ..................................................................................................... 6

NYSHRL § 296(13) ....................................................................................................... 7

NYSHRL § 296(2)(a) ..................................................................................................... 6

NYSHRL § 296(8) ......................................................................................................... 7

## PRELIMINARY STATEMENT

Plaintiffs, Brian Johnston and Nile Charles ("Plaintiffs"), submit this memorandum of law in opposition to Defendant Apple Inc.'s ("Apple" or "Defendant"), motion to dismiss. Defendant moves to dismiss Plaintiffs' claims for negligence and under Federal, State and City anti-discrimination laws. Defendant's motion fails for two reasons.  The first being that the motion is more appropriately brought under FRCP 56 as they assert factual arguments and evidence that reaches beyond the four corners of the Complaint and seeks to obtain judgment typically reserved for a fact-finder but leaves many questions of fact to be decided.  The second being that Plaintiffs' Complaint and Amended Complaint state plausible claims against Defendant Apple and its employees.  This premature attempt to extinguish Plaintiffs' claims does not meet the high standard for relief under FRCP 12(b)(6) and, as such, should be denied.

## PROCEDURAL HISTORY

Plaintiffs filed the Complaint on or about February 10, 2011 in the Supreme Court of New York County to address claims of unlawful discriminatory practices and violations of Plaintiffs' Constitutional rights to not be discriminated against in the right to make and enforce contracts in the form of purchases from the Apple store.  Apple removed the action from New York County Supreme Court to the Southern District of New York and promptly made the instant motion pursuant to FRCP 12(b)(6).  Upon learning that Defendant Apple claimed that another party was involved in the occurrences leading to the Complaint, Plaintiffs filed an Amended Complaint on or about June 8, 2011 adding Omniscient Investigation Corporation ("Omniscient") as a Defendant but otherwise making the same or similar allegations.

1

## RELEVANT FACTS

Plaintiff respectfully refers the Court to the Complaint and Amended Complaint for a thorough recitation of the facts.  Those allegations which are most relevant to this motion are detailed briefly herein.

Throughout the Complaint Plaintiffs named and identified the actors as Defendant's employee.  Complaint ¶¶ 21, 22, 23, 24, 25, 26, & 27.  Upon learning of another corporate actor the Amended Complaint alleges that the individual was an employee for both Defendant Apple and Omniscient. Amended Complaint ¶¶ 25-31.   Further, Defendant Apple's Store Manager acted to discriminate against Plaintiffs as alleged in the Complaint and Amended Complaint. Complaint ¶¶ 28-30; Amended Complaint ¶¶ 33-35.

## ARGUMENT

### I. Standard on a Motion to Dismiss

FRCP 12(b)(6) states that a claim will be dismissed if it "fail[s] to state a claim upon which relief can be granted." FRCP 12(b)(6).  This Rule incorporates FRCP Rule 8(a)(2) which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2); see Bell Atlantic Corp. et al. v. Twombly et al., 550 U.S. 544, 555 (2007).  This rule does not require "detailed factual allegations." Id.  However, this Rule does require that the statements in the complaint, if accepted as true, make the violation of law "plausible on its face." Id. at 570.  The "plausibility" standard requires that the complaint must have enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).   The Supreme Court has delineated two "working principles" which apply under the Twombly holding. Id.  These are (1) that while the court must accept allegations as true, this does not apply to "threadbare recitals of a cause of action's

2

elements, supported by mere conclusory statements" and (2) a court should use "experience and common sense" to determine whether a claim is plausible. Id. at 1950 (citing Twombly, 550 U.S. at 555, 556).

If evidence outside of the pleadings is submitted in support of a motion under FRCP 12(b)(6) then "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FRCP 12(d). Defendant's motion does not remotely approach the level necessary to dismiss Plaintiffs' claims under either standard.

## II. Employment Relationships are a Question of Fact

Defendant concludes that there was no employment relationship between the actors involved in the actions which led to the Complaint and, in support of their argument provide a declaration of an employee of their own company and who does not claim to have any personal knowledge of the events which occurred on December 9, 2010. Declaration of Pierre Auguste, Def. Ex. A.  This ignores the legal definition of employee, which follows the common law. "Whether a hired person is an employee under the common law of agency depends on a fact-specific analysis of thirteen factors articulated by the Supreme Court in Community for Creative Non-Violence v. Reid, 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)." Salamon v. Our Lady of Victory Hosp., 514 F. 3d 217, 226 (2nd Cir. 2008).  Those thirteen factors are as follows:

> [T]he hiring party's right to control the manner and means by which the product is accomplished[;]. . . . [2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; [13] and the tax treatment of the hired party.

<u>Salamon</u>, 514 F.3d at 227 (quoting <u>Community for Creative Non-Violence</u>, 490 U.S. at 751-52). This is not an exhaustive list. <u>Id.</u> (citing <u>Eisenberg v. Advance Relocation & Storage, Inc.</u>, 237 F.3d 111, 114 n. 1 (2nd Cir. 2000)).   As such, it is clear that Defendant Apple cannot prove through the submission of a single declaration that the individual allegedly employed by Omniscient was not also their employee, as alleged in the Complaint and Amended Complaint. As such, Defendants' motion fails.   To the extent that the Court would require additional facts to be alleged to show an employment relationship, Plaintiffs would request leave to file a Second Amended Complaint wherein those facts which are available to Plaintiffs could be alleged to support a finding of employment relationship.

### III. Plaintiffs Can Maintain a Cause of Action for Negligence

In direct contradiction to Defendant's argument, "[a]n employer can be held liable for its employee's torts under theories of negligent hiring and supervision in instances where the employer cannot be held vicariously liable for the employee's actions." <u>Brown v. State of NY</u>, 12 Misc. 3d 633, 648 (NY Ct. of Claims 2006) (citing <u>State Farm Ins. Co. v Central Parking Sys., Inc.</u>, 18 AD3d 859, 860 (2nd Dept. 2005)).   <u>Brown</u> involved cases of racial targeting by the State University College at Oneonta following an attack on campus. <u>Id.</u> at 634.   As long as the acts were "carried out in the scope of … employment … the defendant is open to vicarious liability for those acts." <u>Id.</u> at 649 (citing <u>State Farm Ins. Co.</u>, 18 AD3d at 859).

Here, Plaintiffs have alleged that Apple was negligent in hiring these individuals and that the acts complained of were taken in the course of employment by their employees. Complaint ¶¶ 21-27, 39-41; Amended Complaint ¶¶ 25-31, 44-46.   Additionally, Plaintiffs have complained of serious injury which was caused by these actions. Complaint ¶¶ 33-37; Amended Complaint

¶¶ 38-42.  As such, and because Plaintiffs' have sufficiently alleged an employer-employee relationship, Defendant's motion should be denied.

### IV. Plaintiffs State a Claim Under 42 U.S.C. § 1981

Defendant Apple's argument in opposition to Plaintiffs' claims under 42 U.S.C. § 1981 concludes that Plaintiffs allege "no injury to a cognizable interest" and that there is no "discriminatory intent by Apple or its employees." Def. Memo, p. 7.  Defendant's arguments fail as they ignore the allegations within the Complaint and Amended Complaint and further cite caselaw from other districts which contradicts the interpretation by the Supreme Court.

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470 (2006); See also Runyon v. McCrary, 427 US 160, 168-171 (1976); Tillman v. Wheaton-Haven Recreation Assn., Inc., 410 US 431, 439 (1973) (holding that it was a violation of § 1981 for a swim club to prevent guests from entering who were black).  Defendant's arguments stem entirely from foreign districts which do not preclude Plaintiffs' claims.  Plaintiffs' allegations more than meet the pleading requirements for a claim under § 1981.

The cognizable interest is alleged as the ability to purchase items from Apple as well as to exercise the other rights applicable to those individuals who have purchased items under warranty. Complaint ¶ 31; Amended Complaint ¶ 36.  Plaintiffs have alleged that they have in the past purchased numerous items from Apple and intended to continue to do so prior to being forced to leave their premises. Complaint ¶¶ 12-13; Amended Complaint ¶¶ 17-18.  Thus, because they also allege racial discrimination, the claim is sufficiently pleaded.  Finally,

Defendant again argues that no Apple employee committed the complained of acts. This has been previously addressed and Defendant's argument should be denied once again as there are questions of fact remaining to be subjected to discovery.

## V.  Plaintiffs Are Entitled to Relief Under 42 U.S.C. § 1982

Defendant's argument against Plaintiffs' claims under § 1982 fail because, again, they believe that the individuals taking the actions in question were not their employees. This has been shown to be an improper request under FRCP 12(b)(6) and further Plaintiffs did allege that the store manager attempted to call the police when they made a complaint of discriminatory treatment. Complaint ¶¶ 28-30; Amended Complaint ¶¶ 33-35 . Thus, Defendants' motion fails entirely.

## VI. Plaintiffs Are Entitled to Relief Pursuant to New York State Executive Law § 296 and the Administrative Code of the City of New York § 8-107

Defendant attempts to dismiss Plaintiffs' claims under the New York State Executive Law ("NYSHRL") and the Administrative Code of the City of New York ("NYCHRL") on the basis that the individual in question was not their employee while specifically ignoring their manager's admitted involvement in the incident. Further, both statutes make it illegal for a proprietor's agent to discriminate. See NYSHRL § 296(2)(a); NYCHRL § 8-107(3). Thus, even if the individual in question was not the employee of Defendant Apple, there most certainly is a question of whether that individual was his agent.

Further, the New York City Administrative Code explicitly provides for employer liability for actions of independent contractors. NYCHRL § 8-107(13)(c) ("An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor … where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.")

6

Based on the allegations in the Complaint and Amended Complaint, Defendant Apple's knowledge and acquiescence is alleged fully and sufficiently.

Additionally, the NYSHRL provides that it is illegal for Apple to have allowed Plaintiffs to be removed from the store. NYSHRL § 296(13) ("It shall be an unlawful discriminatory practice (i) for any person … to refuse to … sell to or trade with, or otherwise discriminate against any person, because of race... or (ii) for any person wilfully to do any act or refrain from doing any act which enables any such person to take such action."). It is also illegal to "aid, abet, incite, compel or coerce the doing of any of the acts forbidden" by the NYSHRL. NYSHRL § 296(8). Thus, Defendant Apple's motion on the State and City laws is entirely baseless as they are clearly liable for the actions taken by their manager in furtherance of the discriminatory practice and for the actions of their independent contractor even if it is proven that he is not an employee.

Thus, this argument, like the others, fails because they cannot prove as a matter of law that the individuals in question were not their employees and there is specific statutory liability even if they could prove this. Discovery should be permitted to determine whether they are liable for the security guards' actions or not. As such the motion should be denied

## VII.    Defendant Has Not Met Their Burden Under FRCP 56

Defendant Apple ultimately resorts to requesting judgment as a matter of law pursuant to FRCP 56 via FRCP 12(d). This request fails entirely as they have not established that the individuals in question were independent contractors under the law, which does not relate solely to contractual labels. See Community for Creative Non-Violence v. Reid, 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989); Salamon v. Our Lady of Victory Hosp., 514 F. 3d 217, 226 (2nd Cir. 2008). Because numerous questions of fact exist, Defendant's motion fails entirely.

Further, this motion is premature and Plaintiffs request that discovery be permitted pursuant to FRCP 56(d)(2).

## VIII.    Defendant's Request to Dismiss Claims for Punitive Damages, Fees and Costs is Premature

Similarly to the other arguments made by Defendant Apple, they argue without basis that Plaintiffs should not be able to pursue punitive damages, fees and costs which are provided by statute.  These arguments are without merit as there are clearly factual disputes and Plaintiffs have sufficiently plead the necessary allegations to proceed through discovery with these damages available to them.

## IX. Leave to Amend Would Not be Futile

Should Your Honor deem any allegations within the Complaint or Amended Complaint to not meet the standards for maintaining an action against Defendant Apple, Plaintiffs can amplify their allegations to include facts relating to how the individuals in question interacted with employees who are no doubt employed by Apple.  However, at this stage, we believe that Plaintiffs' allegations are sufficient to proceed to discovery where an actual determination can be reached as to Defendant Apple's liability.

## CONCLUSION

Because Defendants have failed to establish a right to dismiss any claims within the Complaint their motion should be denied in its entirety.  To the extent that the Court requires additional factual allegations to be added to the Complaint in order to meet the standards of FRCP 8, Plaintiff requests leave to Amend the Complaint in order to include such additional facts as the Court deems necessary.

Dated: June 15, 2011
      New York, New York

William K. Phillips (WP-0409)
Derek T. Smith Law Group
30 Broad St.; 35th Fl.
New York, New York 10004
212-587-0760

Jesse C. Rose (JR-2409)
Of Counsel

9