UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRIAN JOHNSTON and NILE CHARLES,                          :
                                                          :
        Plaintiffs,                                     :
      v.                                               :       1:11-cv-03321-JSR
                                                          :
APPLE INC.,                                               :
                                                          :
        Defendant.                                      :
-------------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND 12(D)

*Of counsel*:
Thomas M. Crispi
Kellen G. Ressmeyer

SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York, New York 10103
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

*Attorneys for Apple Inc.*

# TABLE OF CONTENTS

**Page**

1. PRELIMINARY STATEMENT ....................................................................................... 1

2. THE ABSENCE OF ANY ALLEGATION OF A RELATIONSHIP OF
   CONTROL BETWEEN APPLE INC. AND OMNISCIENT IS FATAL TO
   PLAINTIFFS' CIVIL RIGHTS CLAIMS........................................................................ 2

   a. Plaintiffs Fail to Offer a Factual Basis For A Joint Employment
      Relationship Between Apple, Inc. and Any Alleged Perpetrator of
      Discriminatory Conduct............................................................................... 2

   b. Plaintiffs Fail to Offer a Factual Inference In Support of a Common Law
      Employment Relationship Between Apple and Any Alleged Perpetrator of
      Discriminatory Conduct............................................................................... 4

   c. Plaintiffs Allege No Discriminatory Conduct on the Part of the Apple
      Manager. ..................................................................................................... 5

3. PLAINTIFFS FAIL TO ALLEGE AN INJURY COGNIZABLE UNDER 42
   U.S.C. § 1981.............................................................................................................. 5

4. PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENT HIRING OR
   RETENTION. .............................................................................................................. 7

5. JUDGMENT FOR APPLE INC. IS PROPER UNDER RULES 12(B)(6) AND
   12(D). .......................................................................................................................... 8

6. CONCLUSION............................................................................................................ 10

## Cases

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242, 256-57 (1986) .................................................................................... 9
*Ashcroft v. Iqbal*
  129 S.Ct. 1937, 1949-50 (2009).............................................................................. 5
*Barbosa v. Continuum Health Partners, Inc.*,
  716 F. Supp. 2d 210, 216-17 (S.D.N.Y. 2010) ...................................................... 3
*Bishop v. Best Buy, Co., Inc.*
  2010 WL 4159566 *4-5 (S.D.N.Y. Oct. 13, 2010)................................................. 6
*Bishop v. Henry Modell & Co.*
  2009 WL 3762119 *10-11 (S.D.N.Y. Nov. 10, 2009)........................................... 6
*Bishop v. Toys 'R Us-NY LLC*,
  414 F. Supp. 2d 385, 393 (S.D.N.Y. 2006)............................................................ 6
*Bravo v. Eastpoint Int'l, Inc.*
  2001 WL 314622 (S.D.N.Y. March 30, 2001) ....................................................... 3
*Brown v. Bronx Cross County Med. Gp.*
  834 F. Supp. 105, 109-10 (S.D.N.Y. 1993) ........................................................ 7, 8
*Brown v. New York*
  12 Misc.3d 633, 814 N.Y.S.2d 492 (New York Court of Claims February 10, 2006) ................ 8
*Clinton's Ditch Coop. Co., Inc. v. Nat'l Labor Relation Bd.*
  778 F.2d 132, 138 (2d Cir. 1985)........................................................................... 4
*Davis v. Contel of New York Inc.*
  187 A.D.2d 898, 590 N.Y.S.2d 307 (3d Dept. 1992) ............................................ 10
*Domino's Pizza, Inc. v. McDonald*
  546 U.S. 470, 472 (2006)....................................................................................... 7
*Drayton v. Toys 'R Us Inc.*
  645 F. Supp. 2d 149, 157-58 (S.D.N.Y. 2009) ...................................................... 6
*Ginx, Inc. v. Soho Alliance*
  720 F. Supp. 2d 342, 361 (S.D.N.Y. 2010)............................................................ 6
*Grimes v. Fremont Gen. Corp.*
  —— F. Supp. 2d ——, 2011 WL 1899403 *17 (S.D.N.Y. Mar. 31, 2011)............... 5
*Kennedy v. Empire Blue Cross & Blue Shield*
  989 F.2d 588 (2d Cir.1993).................................................................................... 9
*Perry v. Burger King Corp.*
  924 F. Supp. 548, 553 (S.D.N.Y. 1996)............................................................. 7, 8
*Runyon v. McCrary*
  427 U.S. 160, 168-171 (1976) ............................................................................... 7
*Sahu v. Union Carbide Corp.*
  418 F. Supp. 2d 407, 410 (S.D.N.Y. 2005)........................................................ 8, 9
*Salamon v. Our Lady of Victory Hosp.*
  514 F.3d 217, 220 (2d Cir. 2008)........................................................................... 4
*Tillman v. Wheaton-Haven Recreation Assn., Inc.*
  410 U.S. 431, 439 (1973) ....................................................................................... 7

## Statutes

42 U.S.C. § 1981................................................................................................. *passim*

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................ *passim*
Federal Rule of Civil Procedure 12(d) ........................................................... 1, 8, 9, 10
Federal Rule of Civil Procedure 56(e) ..................................................................... 9

Apple Inc. ("Apple" or "Apple Inc.") respectfully submits this memorandum of law in reply to Plaintiffs' Memorandum of Law in Opposition to Defendant Apple's Motion to Dismiss ("Opposition" or "Opp.").

## 1. PRELIMINARY STATEMENT

Undeterred by the absence of any basis for their suit against Apple Inc., Plaintiffs now grasp at straws in an attempt to maintain a cause of action.  Following Apple's Memorandum of Law in Support of Motion for Judgment Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(d) ("Apple Mem."), Plaintiffs amended their Complaint to add an additional party, additional allegations, and an additional theory of recovery.  A review of the Amended Complaint's edits to Plaintiffs' original filings affirms that their claims have no legal basis and thus the Amended Complaint, too, fails to state a claim for relief.

First, neither state nor federal law imposes legal liability on Apple Inc. for any alleged racial discrimination on the part of its independent contractor, Omniscient Investigation Corporation ("Omniscient").  And, Plaintiffs have offered no allegation to color the connection between Apple Inc. and Omniscient with the hue of an employment or agency relationship.

Second, Plaintiffs' failure to plausibly allege any interference with a cognizable contractual interest renders its pursuit of relief under 42 U.S.C. § 1981 untenable.  As the Complaint (as amended) (together, the "Complaint") makes clear, Plaintiffs completed their purchases *prior* to the alleged misconduct.  Thus, at the time of the alleged misconduct, any contract performance was complete and no contractual interest remained to be infringed.

Third, Plaintiffs' state law negligent hiring and retention claims fail to allege either (a) a cognizable duty owed by Apple or (b) a cognizable injury resulting from the duty's breach.  New York charges Apple Inc. with no duty to protect Plaintiffs from racial harassment under a

negligent hiring and supervision theory.   Further, state recognition of negligent hiring and retention claims is limited to cases of "significant physical injury"—not emotional distress.

In sum, Plaintiffs have followed their Complaint's failure to state a claim with an Opposition that cannot legitimize their claims.   No actionable relationship exists between Apple Inc. and the perpetration of discrimination alleged in this case.   Plaintiffs have, therefore, stated no cause of action against Apple.

### 2. THE ABSENCE OF ANY ALLEGATION OF A RELATIONSHIP OF CONTROL BETWEEN APPLE INC. AND OMNISCIENT IS FATAL TO PLAINTIFFS' CIVIL RIGHTS CLAIMS.[1]

Although Apple Inc.'s Opening Brief may have called for conversion, pursuant to Federal Rule of Civil Procedure ("Rule") 12(d), Plaintiffs' Amended Complaint confirms dismissal pursuant to Rule 12(b)(6).   In their Amended Complaint, Plaintiffs concede that the alleged perpetrator ("the security guard") was an employee of Omniscient.   Am. Compl. ¶ 23. And Plaintiffs' nomination of Omniscient as a defendant in this case carries their concession that *Omniscient* controlled the methods and means of the security guard's conduct.   *Id.*   It is thus incumbent upon the Plaintiffs to establish that Apple Inc. is properly subject to suit herein as a joint employer, employer, or principal of the alleged perpetrators.   For the reasons set forth below, Plaintiffs have failed to plead the requisite joint-employer, employment, or agency relationship with the alleged perpetrators necessary to sustain a civil rights claim against Apple Inc. Plaintiffs have, therefore, failed to state a claim against Apple for any violation of civil rights.

### a.   Plaintiffs Fail to Offer a Factual Basis For A Joint Employment Relationship Between Apple, Inc. and Any Alleged Perpetrator of Discriminatory Conduct.

---

[1] Plaintiffs' civil rights claims include: 42 U.S.C. §§ 1981, 1982, New York State Executive Law 15 § 296, and Administrative Code of the City of New York § 8-107

In their Amended Complaint, Plaintiffs acknowledge the independent entity responsible for the provision of security services and add Apple's independent contractor, Omniscient. *See* Am. Compl. ¶ 11-12, 25-28 (alleging a factual basis for discriminatory intent solely on the part of an individual "believed to be a security guard"). The Amended Complaint concedes the existence of an employment relationship between Omniscient and the alleged discriminator. *See id*. And, despite Plaintiffs' assertions that the Complaint "mak[es] the same or similar allegations," Opp. at 1, the Amended Complaint goes on to advance a new theory of liability against Apple: liability as a joint employer of the security guard. *See* Am. Compl. ¶¶ 12, 13 ("Defendants' actions were jointly undertaken and Defendants' employees are and were operating together and indistinguishable from each other at all relevant times."). In other words, was the perpetrator "an employee for **both** Defendant Apple and Omniscient"? Memorandum of Law in Opposition to Defendant Apple's Motion to Dismiss ("Opp.") at 2 (emphasis added); *see also* Am. Compl. ¶ 13.

A review of this District's precedent answers this question: No. Under the joint employer doctrine, "an employee formally employed by one entity can be found to be constructively employed by another entity . . . where there is sufficient evidence that the respondent had immediate control over the other company's employees." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 216-17 (S.D.N.Y. 2010). To plead constructive employment, however, Plaintiffs must plead a factual basis in support of Apple Inc.'s power to control Omniscient's employees. *See Bravo v. Eastpoint Int'l, Inc.*, 2001 WL 314622 (S.D.N.Y. March 30, 2001) (granting motion to dismiss because Plaintiffs failed to plead defendant's power to control); *see also Barbosa*, 716 F. Supp. 2d at 216-17 (recognizing the application of the joint employer doctrine to claims under § 1981 and the New York State Human Rights Law).

-3-

In *Clinton's Ditch Coop. Co., Inc. v. Nat'l Labor Relations Bd.*, the Second Circuit articulated five factors relevant to a designation of a party as a "joint employer." 778 F.2d 132, 138 (2d Cir. 1985). To support a finding of such status, the business entities must share or codetermine matters governing the essential terms and conditions of employment: (a) hiring and firing; (2) discipline; (3) pay, insurance, and records; (4) supervision; and (5) direction. *See id.* at 138-139. The Complaint does not allege, much less provide a factual basis for, Apple's codetermination of any of the terms or conditions of the security personnel's[2] employment with Omniscient, and thus, *ipso facto*, it does not provide a factual basis for such an inference.

### b. Plaintiffs Fail to Offer a Factual Inference In Support of a Common Law Employment Relationship Between Apple and Any Alleged Perpetrator of Discriminatory Conduct.

In an effort to side-step the prohibitions on liability in the absence of a joint employment relationship, Plaintiffs charge the security personnel as agents—and therefore common law employees—of Apple Inc. *See, e.g.*, Opp. at 3 ("[T]he legal definition of an employee . . . follows the common law. 'Whether a hired person is an employee under the common law of agency depends on a fact-specific analysis of thirteen factors articulated by the Supreme Court in *Community for Creative Non-Violence v. Reid*[.]" (quoting *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008)); *see also*, Mem. at 6 ("[E]ven if the individual in question was not the employee of Defendant Apple, there most certainly is a question of whether that individual was his agent."). But the Complaint establishes no relationship of common law agency between Apple Inc. and Omniscient. Indeed, of the *thirteen factors* indicating an agency relationship set forth by the Second Circuit in *Salamon v. Our Lady of Victory Hosp.*, *supra*,—

---

[2] For the reasons set forth in Section 2(a)-(b), *infra*, the only factual basis for discriminatory intent is alleged against the security personnel. The absence of any relationship of control between Apple Inc. and the security personnel in this case absolves Apple of liability for the personnel's conduct.

and reiterated in the Opposition, *see* Opp. at 3,—*none* appears in the Complaint to describe the relationship between Apple Inc. and its independent contractor, Omniscient. Plaintiffs have, therefore, failed to allege the security personnel's status as common law employees of Apple Inc.

### c. Plaintiffs Allege No Discriminatory Conduct on the Part of the Apple Manager.

In the absence of any liability for the conduct of the Omniscient personnel identified in Am. Compl. ¶¶ 25-29, 31, Plaintiffs' sole accusation against an Apple employee proceeds against the store manager. But no factual basis for discrimination on the part of the manager accompanies Plaintiffs' allegation that the manager requested a call to 9-11. *Id*. at 35. Instead, Plaintiffs conclude that the manager issued the request "in order to further harass, degrade, humiliate, and discriminate against the Plaintiffs". *See* Am. Compl. ¶ 35. Without more, Plaintiffs' conclusions amount to no more than the threadbare recitals of a cause of action's elements, supported by conclusory statements, which are insufficient to withstand Rule 12 review. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Grimes v. Fremont Gen. Corp.,* No. 08–cv–1024, —— F. Supp. 2d ——, 2011 WL 1899403, at *17 (S.D.N.Y. Mar. 31, 2011) (collecting cases finding that conclusory allegations of discrimination do not state a claim for discrimination under Section 1981) (dismissing Plaintiffs' §§ 1981, 1982, 1985 claims that defendants *inter alia* "charg[ed] them higher interest rates than those charges [sic] to similarly-situated Caucasian mortgagees" due to Plaintiffs' failure to "provide any facts in support of their contention that intentional discrimination occurred" (internal quotation marks omitted)).

### 3. PLAINTIFFS FAIL TO ALLEGE AN INJURY COGNIZABLE UNDER 42 U.S.C. § 1981.

The Complaint's concession that the alleged discrimination occurred *after* their purchases were complete bars their pursuit of relief under 42 U.S.C. § 1981. As this Court has reiterated

time and again, Section 1981 claims do not lie "in the context of retail transactions . . . after a purchase is completed [because] 'there is no continuing contractual relationship.'"  *Drayton v. Toys 'R Us Inc.*, 645 F. Supp. 2d 149, 157-58 (S.D.N.Y. 2009) (dismissing plaintiffs' Section 1981 contract claims alleging racial discrimination by a retail store after plaintiffs had completed their purchases) (quoting *Bishop v. Toys 'R Us-NY LLC*, 414 F. Supp. 2d 385, 393 (S.D.N.Y. 2006) (same)); *Bishop v. Best Buy, Co., Inc.*, 2010 WL 4159566 *4-5 (S.D.N.Y. Oct. 13, 2010) (same); *Bishop v. Henry Modell & Co.*, 2009 WL 3762119 *10-11 (S.D.N.Y. Nov. 10, 2009) (same); *see also* Opp. 7-8 and cases cited therein.  The Complaint is clear that all instances of alleged discrimination took place *after* Plaintiffs had "made their purchase" and "proceeded upstairs" to the "entry level of the Defendants' retail store."   Am. Compl. ¶¶ 24, 25.

In fact, the Complaint contains no allegation that *any defendant* interfered with Plaintiffs' attempt to make purchases at the Broadway store *at any time*.  To the contrary, Plaintiffs allege that the security guard stopped them from loitering *after* they had completed their purchase, telling them to leave the store ***unless*** they were planning to "purchase something."  Am. Compl. ¶ 27 ("Either you're here to see a Mac Specialist or to purchase something.  If you are not doing either you have to leave the store.").   Thus, the Complaint offers no plausible inference of discriminatory interference with a contractual relationship.  *See Ginx, Inc. v. Soho Alliance*, 720 F. Supp. 2d 342, 361 (S.D.N.Y. 2010) (dismissing plaintiffs' claim for failure to identify defendants' injury to a specific contractual interest).

Plaintiffs' Opposition contains no rebuttal to this Court's decisions in *Drayton*, *et al.*, *supra*.  Plaintiffs cite no case that permits a Section 1981 contract claim to go forward on the basis of alleged discrimination subsequent to a completed retail transaction.  *Domino's Pizza, Inc. v. McDonald*, for example, *affirmed the dismissal* of a plaintiff-shareholder's suit alleging

individual damages arising out of breach of a corporate contract, reasoning that the individual plaintiff "lack[ed] any rights under [an] existing contractual relationship with the defendant, and [was not] prevented from entering into such a contractual relationship."  546 U.S. 470, 472 (2006).  In *Runyon v. McCrary*, the Court confirmed that § 1981 prohibits private schools from denying admission to minority students on the basis of race.  427 U.S. 160, 168-171 (1976).  And in *Tillman v. Wheaton-Haven Recreation Assn., Inc.*, the Court affirmed that § 1981 prohibited a swim club from denying entry to minority guests.  410 U.S. 431, 439 (1973).   All cases named in the Opposition involve the breach of an existing contract or a defendant's race-based interference with the formation of an agreement.  None address (or affirm) Plaintiffs' pursuit of Section 1981 relief after a party's retail transaction is complete.

### 4. PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENT HIRING OR RETENTION.

New York does not permit Plaintiffs to proceed with their discrimination claim under a negligent hiring and retention theory for three reasons.  First, "***New York courts have not recognized claims for negligent hiring of an employee whose subsequent offense involved racial harassment***." *Brown v. Bronx Cross County Med. Gp*., 834 F. Supp. 105, 109-110 (S.D.N.Y. 1993); *Perry v. Burger King Corp*., 924 F. Supp. 548 (S.D.N.Y. 1996) (dismissing negligent hiring and supervision claim against employer because Plaintiffs' allegations of racial discrimination failed to state a claim for negligence).  The Amended Complaint makes clear that the only offense alleged against the defendants is that of racial harassment.

Second, New York's recognition of negligent hiring and retention claims is limited to negligent "hiring and retention of an employee known to be dangerous to the health and safety of coemployees." *Id*. at 110 (citations omitted).   Plaintiffs do not allege that Apple Inc. had actual or constructive knowledge of any employee's danger to coemployees or to the Plaintiffs.

Third and in the same vein, this Court has refrained from recognition of negligent hiring and retention claims in the absence of "serious *physical* injury."  *Perry*, 924 F. Supp. at 553 (emphasis added); *see also Brown*, at 109-10.  This court does not recognize emotional distress as a serious physical injury sufficient to sustain a negligent hiring or retention claim.  *See Brown*, at 110 (dismissing negligent hiring and retention claims because "Plaintiff does not allege that defendants assaulted her or caused her personal injury [despite allegations of intentional infliction of emotional distress].  Thus, regardless of what facts are ultimately proven by plaintiff, she could not, as a matter of law, establish a claim for negligent hiring and retention of an employee under New York law.").  In this case, Plaintiffs' allegations of "serious injury", Opp. at 4, are limited to humiliation, degradation, victimization, embarrassment, ridicule, and emotional distress.  Am. Compl. ¶ 38.  *Brown* and its progeny, therefore, compel dismissal.[3]

### 5. JUDGMENT FOR APPLE INC. IS PROPER UNDER RULES 12(B)(6) AND 12(D).

Alternatively, Rule 12(d) also compels judgment for Apple Inc.  The Federal Rules vest this Court with the discretion to convert Rule 12 dismissal motions to motions for summary judgment.  *Sahu v. Union Carbide Corp*., 418 F. Supp. 2d 407, 410 (S.D.N.Y. 2005) ("A Court 'shall' convert a motion to dismiss into one for summary judgment when 'matters outside the pleadings are presented to and not excluded by the court,' . . . and where the non-movant 'should reasonably have recognized the possibility that such a conversion would occur.'" (internal citations omitted)).[4]

---

[3] Plaintiffs' reference to *Brown v. New York*—a state Court of Claims case that *dismissed* Plaintiffs' negligent hiring and retention claims—provides no disruption to this court's long-standing recognition of New York law.  *See Brown v. New York*, 12 Misc.3d 633, 649, 814 N.Y.S.2d 492 (New York Court of Claims Feb. 10, 2006) ("[T]he causes of action for negligent hiring and supervision are not available to claimants.").

[4] Notice of conversion can be inferred from the circumstances.  *Sahu*, at 410-411 (citing *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 592 (2d Cir.1993)).  Apple Inc.'s (a) specific request for conversion pursuant to Rule 12(d), *see* June 2, 2011 Apple Inc. Motion for Judgment Pursuant to Rules 12(b)(6) and 12(d)

With its June 2, 2011 Motion, Apple Inc. proffered documentary evidence establishing an independent contractor relationship between itself and the security personnel named in the Complaint.  *See* June 2, 2011 Motion, Ex. A.1 ("Apple Inc. Services Agreement with Omniscient Investigation Corporation" or the "Apple – Omniscient Contract") ¶ 5.0.  The Apple-Omniscient Contract clearly sets forth the terms governing the relationship between Apple Inc. and Omniscient.  *Id.* ("Relationship.  Supplier [Omniscient Investigation Corporation] is an *independent entity* providing services to Apple.  No employment relationship is created by this Agreement." (emphasis added)).

To survive conversion, Plaintiffs must present evidence of a genuine issue of fact that requires a trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986) ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." (citing Rule 56(e)).  In their Opposition, Plaintiffs failed to come forward with any factual basis in support of an inference of an employment relationship.  Indeed, as noted in § 2(a)-(b), Plaintiffs fail to offer conclusory allegations—much less a factual basis for the inference—of such a relationship.

Plaintiffs have thus failed to raise an issue of material fact that any alleged perpetrator(s) (the "security personnel") of discrimination were employees of Apple Inc.  *See Davis v. Contel of*

---

("June 2, 2011 Motion"); (b) the May 23, 2011 Declaration of Pierre Auguste identifying Omniscient Investment Corporation as an independent contractor, *see* May 23, 2011 Declaration of Pierre Auguste ("Auguste Dec."); and (c) attachment of the Apple Inc. Services Agreement with Omniscient Investigation Corporation (the "Apple – Omniscient Contract") as an exhibit to its June 2, 2011 Motion, *see* Auguste Dec., Ex. A.1, provided the requisite notice.  *Sahu*, at 410 ("The moving party's submission of exhibits, affidavits, and the like gives the non-moving party notice of possible conversion.")  (citing cases).  Indeed, Plaintiffs acknowledged Apple Inc.'s notice of the independent contractor relationship with their amendment of the Complaint to add the independent contractor and alter the description of the parties to account for the independent contractor relationship.  Plaintiffs can therefore claim no ignorance of the possibility of conversion.

*New York Inc.*, 187 A.D.2d 898, 900 n.2, 590 N.Y.S.2d 307 (3d Dept. 1992) ("Plaintiff[s] b[ear] the burden of proving that [Defendant] was not an independent contractor as a necessary part of proving [their] *prima facie* case" (citing 57 N.Y.JUR.2D, EVIDENCE AND WITNESSES, §§ 165, 168, 170, at 378, 382, 384)) (dismissing the Complaint).  Apple is, therefore, entitled to judgment.  14 N.Y.PRAC., NEW YORK LAW OF TORTS § 9:17 ("Where the proof on the issue of control presents no conflict in evidence the matter may properly be determined by the court as a matter of law.").

### 6. Conclusion

Accordingly, Apple Inc. respectfully requests that this Court dismiss the Complaint with prejudice, pursuant to Rules 12(b)(6) and 12(d).

Date: June 22, 2011                           Respectfully submitted,

                                              SCHIFF HARDIN LLP

                                              /s/ Thomas M. Crispi
                                              Thomas M. Crispi
                                              tcrispi@schiffhardin.com
                                              Kellen G. Ressmeyer
                                              kressmeyer@schiffhardin.com
                                              666 Fifth Avenue, 17th Floor
                                              New York, New York 10103
                                              Telephone: (212) 753-5000
                                              Facsimile: (212) 753-5044


                                              *Attorneys for Apple Inc.*