UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BRAIN JOHNSTON & NILE CHARLES

              Plaintiff,                     11 CV 3321 (JSR)

  - against-

APPLE INC. & OMNISCIENT INVESTIGATION
CORP.,
              Defendants.
-------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT PURSUANT TO RULE 12(B)(6).

                                            LEWIS JOHS AVALLONE AVILES, LLP
                                            Attorneys for Defendant
                                            OMNISCIENT INVESTIGATION CORP.
                                            61 Broadway, Suite 2000
                                            New York, New York 10006
                                            212.233.7195

Of Counsel:
David L. Metzger, Esq.

# **TABLE OF CONTENTS**

Table of Authorities .................................................................................................... ii

Preliminary Statement ................................................................................................. 1

Procedural History ...................................................................................................... 1

Facts as Plead .............................................................................................................. 2

Argument ..................................................................................................................... 4

    Standard For Review ............................................................................................. 4

    Point I    Plaintiffs Fail to Adequately Allege any Interference with a Property Right to State a Claim Under 42 U.S.C. § 1982 .............. 5

    Point II   Plaintiffs Fail to Adequately Plead a Claim Under New York State Executive Law §296(2)(a) ........................................................ 7

    Point III  Plaintiffs Fail to Adequately Plead a Claim Under the Administrative Code of the City of New York §8-017 ..................... 9

    Point IV  Plaintiffs Are Not Entitled to Punitive Damages ......................... 10

Conclusion ................................................................................................................. 12

# TABLE OF AUTHORITIES

Cases

*Arguello v. Conoco, Inc.,*
330 F.3d 355 (5th Cir), cert denied. 540 U.S. 1035, 124 S.Ct 567, 157 L.Ed.2d 454 (2003) ........................6

*Ashcroft v. Iqbal,*
129 S.Ct. 1937, 1949 (2009) ........................................................................................................4

*Associated General Contractors of California, Inc. v. California State Counsel of Carpenters,*
459 U.S. 519, 526 (1983) .............................................................................................................5

*Atlantic Corp. V. Twombly,*
550 U.S. 544, 555 (2007) .............................................................................................................4

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 555 (2007) .............................................................................................................4

*Bishop v. Toys "R" US-NY, LLC,*
414 F. Supp. 2d 385, 395 (S.D.N.Y. 2006) ..............................................................................5,6

*Camillo v. Olympia & York Properties Company*
157 A.D.2d 34, 46 554 N.Y.S.2d 532, 537 (1st Dept. 1990) ....................................................10

*Choudhury v. Polytechnic Institute of New York,*
735 F.2d 38, 43 (2nd Cir. 1984) ..................................................................................................6

*Conley v. Gibson,*
355 U.S. 41, 47 (1957) ................................................................................................................4

*Dewitt v. Lieberman ,*
48 F.Supp.2d 280, 293 (S.D.N.Y. 1999) ..................................................................................7,9

*Elec. Comm. Corp. v. Toshiba AM. Consumer Products, Inc.,*
129 F.3d 240, 243 (2d Cir. 1997) ................................................................................................5

*Farias v. Instructional Systems, Inc.*
259 F.3d 91, 102 (2d Cir. 2001) ..................................................................................................9

*Forrest v. Jewish Guild for the Blind,*
3 N.Y.3d 295 n.3, 786 N.Y.S.2d 382 (2004) ..............................................................................9

*Garrett v. Tandy Corp.,*
295 F3d 94, 103 (1st Cir. 2002) ..................................................................................................6

*Guzman v. Macy's Retail Holdings, Inc.,*
2010 WL 1222044 *11 (S.D.N.Y. 2010) ....................................................................................9

*Hertz Corp. v. City of New York,*
1 F.3d 121, 125 (2d Cir. 1994) ............................................................................................4

*Homles v. Gnubman,*
568 F.3d 329, 335 (2d Cir. 2009) ........................................................................................4

*Morris v. Office Max, Inc.*
89 F.2d 411, 415-416 (7th Cir. 1996) ..................................................................................6

*Papasan v. Allain,*
478 U.S. 265, 286 (1986) .....................................................................................................5

*Schnall v. Marine Midland Bank,*
1999 WL 498194, *1 (S.D.N.Y. 2009) ................................................................................5

*Sharapata v. Town of Islip,*
56 N.Y.2d 332, 335, 452 N.Y.S.2d 347 ............................................................................10

*Shen v. A&P Food Stores,*
1995 WL 728416 *1, *2 (E.D.N.Y. 1995) ..........................................................................6

*Steger v. Delta Airlines, Inc.,*
382 F.Supp. 2d 382, 385 (E.D.N.Y. 2005) ..........................................................................4

*Studifin v. New York City Police Dep't,*
1991 WL 60379, at *3 (S.D.N.Y. 1991) ..............................................................................5

*Totem Taxi, Inc. v. New York State Human Rights Appeal,*
65 N.Y.2d 300, 491 N.Y.S.2d 293 (1985) .......................................................................7,8

*Waldron v. Rotzler,*
862 F. Supp. 763, 769 (N.D.N.Y. 1994) ..............................................................................5

**Statutes**

42 U.S.C. §1981 ......................................................................................................1,2,4,6,7,10

42 U.S.C. §1982 ............................................................................................................1,2,5,6,7

Administrative Code of the City of New York §8-107 ..............................................................1,2,9

Federal Rule of Civil Procedure Rule 8(a)(2) ..............................................................................4

Federal Rule of Civil Procedure Rule 12(b)(6) ..................................................................4,5,9,11

Federal Rule of Civil Procedure Rule 26(f) ...................................................................................2

New York State Executive Law 15 §296 ...........................................................................1,2,7,8

**PRELIMINARY STATEMENT**

The instant matter, now plead under a Second Amended Complaint, involves an alleged incident of racial discrimination against two African American males at the Apple store located at 1981 Broadway in New York City. Omniscient Investigation Corp. ("Omniscient") is contracted to provide security personnel to this store.

At the outset, the defendant, Omniscient, does not concede that there was any discrimination by any personnel employed by that company nor does it concede that the facts as plead accurately reflect the circumstances of any such encounter.

Nevertheless, it is respectfully submitted that Omniscient is entitled to judgment dismissing all causes of action alleged in the Second Amended Complaint. As to the 42 U.S.C. §1982 claim, the plaintiffs have failed to plead any interference with a right involving real or personal property. As to the claims brought under the New York State Executive Law Article 15 §296 and the Administrative Code of the City of New York §8-107, the plaintiffs have failed to allege any discriminatory conduct for which Omniscient, as an employer, would bear liability. It is further submitted that, should the claim under the New York City Administrative Code survive, the plaintiffs have failed to plead facts to warrant the imposition of punitive damages against the company.

**PROCEDURAL HISTORY**

On June 8, 2011 the plaintiffs filed an Amended Complaint against defendant, Omniscient Investigation Corp. (Exhibit "A") which added said defendant to a suit previously commenced solely against the co-defendant, Apple, Inc. That Amended Complaint contained causes of action sounding in negligence (Exhibit "A" ¶44); 42 U.S.C. §1981 (Exhibit "A" ¶48);

1

42 U.S.C. §1982 (Exhibit "A" ¶51); New York State Executive Law Article 15 §296 (Exhibit "A" ¶54); and the New York City Administrative Code Title 8 (Exhibit "A" ¶58).

Prior to any appearance or our firm's retention on behalf of defendant, Omniscient, the co-defendant, Apple, moved pursuant to Rule 12(b)(6) to dismiss all the causes of action asserted against it.

This case was conferenced pursuant to Rule 26(f) and oral argument was had on the above-referenced motions before This Honorable Court on June 28, 2011. Exhibit "B" is a copy of the transcript for that June 28, 2011 appearance. At that time, Judge Jed S. Rakoff dismissed the negligence claim with prejudice. In addressing the merits of the plaintiffs' 42 U.S.C. §1981 cause of action, this Court noted that the §1981 cause of action was unlikely to survive if all that is encompassed is the loss of the contractual relationship, agreeing that the purchase of the product ended. (Exhibit "B" p.15).

As to the remaining causes of action against the defendant, Apple, the court afforded the plaintiff a time frame to serve "special interrogatories" on the issue of joint employment and to ultimately serve an Amended Complaint.

Pursuant to the Court's directives the plaintiffs' have served and filed the Second Amended Complaint (Exhibit "C") which now removes the causes of action sounding in negligence and 42 U.S.C. §1981. The Complaint maintains the causes of action sounding in 42 U.S.C.§1982, New York State Executive Law Article 15 §296 and the New York City Administrative Code Title 8.

**FACTS AS PLEAD**

According to the Second Amended Complaint, the plaintiffs are African American males, ages 34 and 25 (Exhibit "C" ¶¶5,7) who on or about December 9, 2010 visited the Broadway

2

store of the co-defendant, Apple (Exhibit "C" ¶33). It is stated that the defendant, Apple, Inc., owns or leases this store located at 1981 Broadway for the purpose of selling, servicing and marketing retail merchandise. (Exhibit "C"¶13). It is further alleged that the defendant, Omniscient, contracted with the defendant, Apple, to provide "security personnel" at the premises (Exhibit "C" ¶13).

It is alleged that on the date indicated above, the plaintiffs were at the store to purchase personal property and indeed made a purchase of headphones at the basement level of the subject store. (Exhibit "C" ¶¶ 36,37,38). According to the Complaint, they then proceeded "upstairs" to the "entry level" and were approached by an employee known to be "security personnel." (Exhibit "C" ¶39). It is alleged that this individual, identified as "John Doe", told plaintiffs *"either you're here to see a Mac Specialist or to purchase something. If you are not doing either you have to leave the store... And before you say I'm racially discriminating against you let me stop you. I am discriminating against you. I don't want 'your kind' hanging out in the store."* (Exhibit "C" ¶¶43,44).

It is alleged that a second of Defendants' Security Personnel then approached the plaintiffs and identified himself as the "Head of Security" and told Plaintiffs, *"Now you have to go. If you want to know why it's because I said so. Consider me God. You have to go."* (Exhibit "C" ¶39). He then walked away when the plaintiffs requested to speak to a manager. (Exhibit "C" ¶48). The plaintiffs allege that they found a manager who, upon the plaintiffs' information and belief, worked exclusively for defendant, Apple. (Exhibit "C"¶49). The plaintiffs allegedly complained to the Apple Manager about "John Doe's" racial profiling (Exhibit "C" ¶51), and the manager asked the "Head of Security" to call 911. (Exhibit "C" ¶53).

3

## ARGUMENT

### STANDARD FOR REVIEW

When ruling on a motion to dismiss Under Rule 12(b)(6), Fed. R. Civ. P., the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Homles v. Gnubman*, 568 F.3d 329, 335 (2d Cir. 2009). "While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007) (holding that Fed. R. Civ. P.Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of entitlement to relief") (quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

A claim will survive a motion to dismiss only if it "has a factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged: *Iqbal, supra,* at 1949. Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint fails to satisfy the requirements of Fed. R. Civ. P. 8(a)(2) and should be dismissed. *Iqbal* at 1950.

On a motion to dismiss, the court may consider "facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as matters of which judicial notice may be taken." *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1994); *Steger v. Delta Airlines, Inc.*, 382 F.Supp.2d 382, 385 (E.D.N.Y. 2005). The court may consider documents that were neither attached to nor incorporated by reference in

the complaint when plaintiff has undisputed notice of the contents of those documents and they are integral to the plaintiff's claim." *Schnall v. Marine Midland Bank*, 1999 WL 498194, *1 (S.D.N.Y. 2009) (citations omitted).

These pleading standards must be read together with the familiar Rule 12(b)(6) admonition that Courts may neither (i) "assume that the [plaintiff] can prove facts that it has not alleged." *Elec. Comm. Corp. v. Toshiba AM. Consumer Products, Inc.*, 129 F.3d 240, 243 (2d Cir. 1997) (*quoting, As sociated General Contractors of California, Inc. v. California State Counsel of Carpenters*), 459 U.S. 519, 526 (1983), nor (ii) "except as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted).

## POINT I
## PLAINTIFFS FAIL TO ADEQUATELY ALLEGE ANY INTEREFERNCE WITH A PROPERTY RIGHT TO STATE A CLAIM UNDER 42 U.S.C. §1982

42 U.S.C. 1982 "guarantees to all citizens of the United States "the same right ... as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property." 42 U.S.C. §1982. In order to state a claim under §1982, the plaintiff must demonstrate that "the defendants deprived him of his rights due directly to his race. Plaintiff must plead both the existence of animus and intentional discrimination." *Waldron v. Rotzler*, 862 F. Supp. 763, 769 (N.D.N.Y. 1994) (emphasis added) *citing, Studifin v. New York City Police Dep't*, 1991 WL 60379, at *3 (S.D.N.Y. 1991).

Though the statute has been interpreted broadly, a plaintiff, to state a claim, must allege interference with some right involving real or personal property. *Bishop v. Toys "R" US-NY, LLC*, 414 F.Supp.2d 385, 395 (S.D.N.Y. 2006). In retail cases alleging violations of both the contracts clause of section 1981 and section 1982, the two claims are often considered together, and the conclusion that plaintiff has not plead that he was denied the right to enter into a contract

5

counsels in favor of dismissal of the section 1982 claim. *Id.* at 395, *citing, Garrett v. Tandy Corp.*, 295 F.3d 94, 103 (1st Cir. 2002) (dismissing the 1981 claim where the appellant fully consummated the contract while he was in the store). "Section 1982 litigation is not as prevalent as cases brought under §1981. However, '[b]ecause of the related origins and language of the two sections, they are generally considered *in pari material.*'" *Shen v. A&P Food Stores*, 1995 WL 728416 *1,*2 (E.D.N.Y. 1995) *citing, Choudhury v. Polytechnic Institute of New York*, 735 F.2d 38, 43 (2nd Cir.1984).

In *Bishop, supra*, the plaintiff, an African American customer, alleged that he was stopped and detained by the defendant as he attempted to leave the subject store, and that a demand was made that he produce a receipt. *Id.* at 391. Unlike the case at bar, there were also allegations involving assault and battery. *Id.* at 391. In analyzing the "make and enforce contracts" aspect of the §1981 claim, the court noted that in the context of retail transactions, once a purchase is completed, "there is no continuing contractual relationship. Instead, the relationship is based on a single discrete transaction, the purchase of goods." *Id.* at 392, *citing Arguello v. Conoco, Inc.*, 330 F.3d 355 (5th Cir), cert denied 540 U.S. 1035, 124 S.Ct. 567, 157 L.Ed.2d 454 (2003). The court further stated that "'[a] claim for interference with a right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities.'" *Id.* at 393, *quoting, Morris v. Office Max, Inc.*, 89 F.3d 411, 415-416 (7th Cir. 1996).

Plaintiffs do not in the Second Amended Complaint assert any claims under §1981 and, as stated, this Court previously opined against a §1981 claim based on an alleged loss of contractual relationship. (Exhibit "B" p.15). However, using the standard imposed by the courts

in analyzing a plaintiff's contractual interest under §1981, the Second Amended Complaint fails to adequately plead a cause of action under §1982.

Specifically, according to the Second Amended Complaint, the plaintiffs "purchased headphones from Defendant's Broadway Store" (Exhibit "C" ¶37) and "made their purchase…and proceeded upstairs." (Exhibit "C" ¶38). Then, with respect to the encounter with "John Doe" security guard, the plaintiffs allege that they were told "*Either you are here to see a Mac Specialist or to purchase something. If you are not doing either you have to leave the store.*" (Exhibit "C" ¶43). As such, the Second Amended Complaint, as plead, not only fails to allege any interference with a property right, but readily acknowledges that the plaintiffs successfully made purchases in the store prior to the encounter. Moreover, the pleading acknowledges that the alleged statement by the guard afforded the plaintiffs the access and opportunity to make further purchases, or to speak with a specialist, in the store on that day. As such, the Second Amended Complaint fails to meet the pleading criteria in bringing at 42 U.S.C. §1982 claim.

## POINT II
## PLAINTIFFS FAILED TO ADEQUATELY PLEAD A CLAIM UNDER NEW YORK STATE EXECUTIVE LAW §296(2)(a)

The New York courts' traditional interpretation of the New York Human Rights Law is that an employer is not liable for an employee's discriminatory acts unless the employer became a party to the act by encouraging, condoning or approving it. *Dewitt v. Lieberman,* 48 F.Supp.2d 280, 293 (S.D.N.Y. 1999) (citations omitted); *Totem Taxi, Inc. v. New York State Human Rights Appeal Board*, 65 N.Y.2d 300, 491 N.Y.S.2d 293 (1985).

In *Totem, supra,* the Court of Appeals addressed the question of "whether an employer can be held liable in damages pursuant to the State Human Rights Law (Executive Law §296) for the discriminatory act of an employee when there ha[d] been no showing that the employer approved of, or acquiesced in, the employee's act." *Id.* at 302. *Totem* involved alleged discriminatory remarks made by a white cab driver against four black women. *Id.* at 302.

The Court, in reversing the Appellate Division's affirming the determination of the State Division of Human Rights finding against the taxi company, found that the employer could not be held liable for the employee's acts. In specifically addressing subdivision 2 of §296, the court held:

> "By its terms, subdivision 2 applies to 'any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation'. Neither subdivision [1 or 2] provides that a person who employs one who commits a discriminatory act is also guilty of a violation irrespective of fault. If there is any ambiguity in the statute with respect to employer liability for employees' acts it is not to be found in the subdivision dealing with public accommodations. That subdivision separately identifies the owner and proprietor and the employee as persons independently subject to the statute and expressly imposes liability only on the person who actually commits the discriminatory act. Thus the employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it."

*Totem* at 305.

In the instant matter, nowhere in the Plaintiffs' Second Amended Complaint is it alleged or plead that Omniscient, as employer of the security guards, became a party to, encouraged or condoned the alleged discriminatory acts. Nor is it plead that Omniscient falls into any of the categories under subdivision 2 to whom or to which §296 applies for places of public accommodation. At best, the pleading contains allegations against individual security personnel working at the store on that day. Indeed, it is only in paragraphs 51, 58 and 63 that the plaintiffs allege "racial profiling" or "discrimination", and there solely against the individual identified as

8

"John Doe". (Exhibit "C", ¶¶ 51, 58, 63). Nowhere is it alleged that Omniscient, as employer, condoned John Doe's acts. There is no allegation that Omniscient knew, or should have known, of the alleged misconduct. To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim under the New York State Human Rights Law, the plaintiffs are obligated to have plead facts demonstrating that the employer condoned, encouraged or approved of the discriminatory acts in the case. *See Guzman v. Macy's Retail Holdings, Inc.*, 2010 WL 1222044 *11 (S.D.N.Y. 2010).

## POINT III
## PLAINTIFFS FAILED TO ADEQUATELY PLEAD A CLAIM UNDER THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK §8-107

For the reasons stated above, it is submitted that the Second Amended Complaint should be dismissed as to the claim under the Administrative Code of the City of New York §8-107, as "the human rights provision of the New York City Administrative Code mirror the provisions of the Executive Law and should therefore be analyzed according to the same standards." *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295 n.3, 786 N.Y.S.2d 382 (2004). The wording of the city ordinance and the manner in which it has been applied show a clear intent to parallel the obligations and remedies provided by the State of New York. *Dewitt, supra*, at 294 n.10.(citations omitted).

## POINT IV
## PLAINTIFFS ARE NOT ENTITLED TO PUNITIVE DAMAGES

Notwithstanding this Honorable Court's indication at the June 28, 2011 conference of extreme skepticism that the punitive damages claim would survive, and the urging that plaintiffs' counsel consider whether such a claim be in the amended pleading (Exhibit "B" p.22), the Second Amended Complaint demands relief for punitive damages under 42 U.S.C.§1981a(b)(1)[1] and the New York Human Rights Law. (Exhibit "C").

Punitive damages, more attuned to the criminal rather than civil side of the law, are intended to punish the tort-feasor rather than to compensate the injured party. *Camillo v. Olympia & York Properties Company*, 157 A.D.2d 34, 46 554 N.Y.S.2d 532, 537 (1st Dep't. 1990). "Such damages: may only be awarded for exceptional misconduct which transgresses mere negligence, as when the wrongdoer has acted 'maliciously, wantonly, or with a recklessness that betokens an improper motive of vindictiveness' or has engaged in 'outrageous or oppressive intentional misconduct' or with 'reckless or wanton disregard of safety or rights'" *Id.* at 46, *citing, Sharapata v. Town of Islip*, 56 N.Y.2d 332, 335, 452 N.Y.S.2d 347 (1982).

The Second Amended Complaint does not allege any willful or intentional discriminatory conduct on the part of Omniscient. As the Court observed and explained at the June 28, 2011 conference, referring to the initial Amended Complaint:

> "The only facts you allege [are that] the two persons…took these acts. You don't remotely suggest any basis for believing that either defendant had anything to do with this. Now, they may be liable on a compensatory basis by the nature of respondeat superior, but for punitive damages it has to be something much closer to this is their policy and practice and evidences a wanton disregard for the rights of customers or African American customers, or something like that. You don't allege any of those other than in conclusory fashion."

---

[1] although no claim is brought under §1981 and §1981a(b)(1) applies to employment discrimination.

Exhibit "B" p.19.

Despite this admonition, the allegations in the Second Amended Complaint mirror the language contained in the prior pleading and still do not plead any malicious, wanton or outrageous conduct on behalf of Omniscient, the named corporate defendant, that would warrant the imposition of punitive damages against it.

## **CONCLUSION**

For the reasons stated herein, it is respectfully requested that this Court dismiss the plaintiffs' Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: New York, New York
      August 10, 2011

Respectfully submitted,

DAVID L. METZGER, ESQ. (DLM 9380)
dlmetzger@lewisjohs.com
LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
OMNISCIENT INVESTIGATION CORP.
61 Broadway, Suite 2000
New York, New York 10006
212.233.7195

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2011 the following parties were served via electronic mail and via Electronic Court Filing a true copy of the defendant, Omniscient Investigation Corp.'s, Memorandum of Law

WHITE ROSE GROUP, LLC
Attorneys for Plaintiffs
86-12 37th Avenue, 2nd Floor
Jackson Heights, NY 11374
347.709.2584
Jesse Rose, Esq.
jrose@tpglaws.com

DEREK T. SMITH LAW GROUP, P.C.
Attorneys for Plaintiffs
30 Broad Street, 35th Floor
New York, New York 10004
212.587.0760
William Phillips, Esq.
wkphillips@tpglaws.com

SCHIFF HARDIN, LLP
Attorneys for Defendant
APPLE INC.
666 Fifth Avenue, 17th Floor
New York, New York 10103
212.753.5000
Thomas Crispi, Esq.
tcrispi@schiffhardin.com

Dated: New York, New York
August 10, 2011

_____
DAVID L. METZGER, ESQ.
LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
OMNISCIENT INVESTIGATION CORP.
61 Broadway, Suite 2000
New York, New York 10006
212.233.7195