UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

BRIAN JOHNSTON and NILE CHARLES,

               Plaintiffs,

     v.

APPLE INC. and OMNISCIENT INVESTIGATION
CORPORATION,

               Defendants.

---------------------------------------------------------------------

1:11-cv-03321-JSR

**NOTICE OF MOTION**

## NOTICE OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

PLEASE TAKE NOTICE, that upon all moving papers submitted in support of Apple Inc.'s August 10, 2011 Motion to Dismiss the Second Amended Complaint; the August 10, 2011 Declaration of Thomas M. Crispi in Support of Apple Inc.'s Motion to Dismiss the Second Amended Complaint; and the exhibits attached thereto, Apple Inc. will move this Court in Courtroom 14B at the United States Courthouse, 500 Pearl Street, New York, New York, on September 2, 2011, at 4:30 P.M., for an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(d), granting judgment to Apple Inc., and for such other and further relief as to this Court seems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Court's schedule and the consent of the parties, Plaintiffs' answering papers, if any, are due on August 19, 2011, and Apple Inc.'s reply papers, if any, are due on August 26, 2011.

**Signature Block Appears on the Following Page**

Dated: New York, New York          Respectfully submitted,
       August10, 2011

                                     SCHIFF HARDIN LLP

                                     <u>/s/ Thomas M. Crispi</u>
                                     Thomas M. Crispi
                                     tcrispi@schiffhardin.com
                                     Kellen G. Ressmeyer
                                     kressmeyer@schiffhardin.com
                                     666 Fifth Avenue, 17th Floor
                                     New York, New York 10103
                                     Telephone: (212) 753-5000
                                     Facsimile: (212) 753-5044

                                     *Counsel for Apple Inc.*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

BRIAN JOHNSTON and NILE CHARLES,

               Plaintiffs,

      v.

APPLE INC.,

               Defendant.

------------------------------------------------------------------

1:11-cv-03321-JSR

**MOTION TO DISMISS**


**DEFENDANT APPLE INC.'S MOTION TO DISMISS THE SECOND AMENDED
COMPLAINT**


Of counsel:
Thomas M. Crispi
Kellen G. Ressmeyer

SCHIFF HARDIN LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

*Attorneys for Apple Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ 1

PRELIMINARY STATEMENT ........................................................................................ 1

FACTS ................................................................................................................................ 1

PROCEDURAL POSTURE .............................................................................................. 2

ARGUMENT ..................................................................................................................... 3

I.      Standard of Review ............................................................................................... 3

II.     Plaintiffs' First Claim Under 42 U.S.C. § 1982 Must Be Dismissed ................. 4

III.    Plaintiffs' Second Claim Under Executive Law § 296 Must Be Dismissed ....... 6

IV.     Plaintiffs' Third Claim Under The Administrative Code Of New York Must Be
        Dismissed .............................................................................................................. 9

V.      No Employment Relationship Existed Between Apple and the Security Personnel ....... 10

VI.     Plaintiffs Can Recover No Punitive Damages, Fees or Costs from Apple ...................... 14

VII.    Leave to Amend is Futile ..................................................................................... 14

CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

<u>Cases</u>

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937, 1949 (2007) ............................................................. 3, 4

*Austin v. Ford Models, Inc.*,
   149 F.3d 148, 152 (2d Cir. 1998) ........................................................... 3

*Barbosa v. Continuum Health Partners, Inc.*,
   716 F. Supp. 2d 210, 216-17 (S.D.N.Y. 2010) .................................... 13

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 522 (2007) ............................................................................... 3

*Bishop v. Best Buy Co., Inc.*,
   2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010) ........................................ 4

*Bishop v. Toys "R" Us-NY LLC*,
   414 F. Supp. 2d 385, 395 (2006) ........................................................... 4

*Bravo v. Eastpoint Int'l, Inc.*,
   2001 WL 314622 (S.D.N.Y. March 30, 2001) .................................... 13

*Church of Scientology Int'l. v. Time Warner, Inc.*,
   806 F. Supp. 1157 (S.D.N.Y. 1992) ...................................................... 3

*Clinton's Ditch Coop. Co., Inc. v. Nat'l Labor Relations Bd.*,
   778 F.2d 132, 138-39 (2d Cir. 1985) .............................................. 11, 12

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42, 49 (2d Cir. 1991) .............................................................. 3

*Donaldson, Lufkin & Jenrette Sec. Corp.*,
   7 F.3d 1085, 1088 (2d Cir. 1993) .......................................................... 4

*Father Belle Community Ctr. v. New York State Div. of Human Rts.*,
   221 A.D.2d 44, 642 N.Y.S. 2d 739, 746 .............................................. 6

*Foran v. Marsh & McLennan, Inc.*,
   288 N.Y.S.2d 517, 29 A.D.2d 857 (1st Dept. 1968) ........................... 13

*Forrest v. Jewish Guild for the Blind*,
   3 N.Y.3d 295, 305 n.3, 786 N.Y.S.2d 382 (2004) ........................... 9, 10

*Garrett v. Tandy Corp.*,
   295 F.3d 94, 103 (1st Cir. 2002) ........................................................... 4

*Goering v. NYNEX Info. Res. Co.*,
   209 A.D.2d 834, 619 N.Y.S.2d 167, 168 (3d Dept. 1994) .................... 6

*Greene v. St. Elizabeth's Hosp.*,
   66 N.Y.2d 684, 487 N.E.2d 268 (1985) ................................................ 7

*Gregory v. Daly*,
   243 F.3d 687, 691 (2d Cir. 2001) .......................................................... 3

*Heskin v. Insite Advertising, Inc.*,
   2005 WL 407646, *23 (S.D.N.Y. Feb. 22, 2005) ................................. 6

*Holmes v. Grubman*,
   568 F.3d 329, 334 (2d Cir. 2009) ........................................................ 14

*Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*,
   470 F. Supp. 2d 345, 361 (S.D.N.Y.2007) ............................................ 7

*Kleeman v. Rheingold*,
   614 N.E.2d 712, 715, 81 N.Y.2d 270, 273 (1993) .................................................... 10
*Lazo v. Mak's Trading Co., Inc.*,
   605 N.Y.S.2d 272, 273-74, 199 A.D.2d 165 (1st Dept. 1993) ........................... 12, 13
*Mazurek v. Wolcott Bd. of Educ.*,
   815 F. Supp. 71, 77 (D. Conn. 1993) ......................................................................... 4
*McIlwain v. Korbean Int'l Inv. Corp.*,
   896 F. Supp. 1373, 1382 (S.D.N.Y. 1995) ................................................................. 8
*McNulty v. New York City Dept. of Finance*,
   941 F. Supp. 452, 459 (S.D.N.Y. 1996) ..................................................................... 8
*Negussey v. Syracuse Univ.*,
   1997 WL 141679, at *5 (N.D.N.Y. Mar. 24, 1997) ................................................... 9
*Prozeralik v. Capital Cities Communications, Inc.*,
   626 N.E.2d 34, 82 N.Y.2d 466, 477 (1993) ............................................................. 14
*Shipping Fin. Servs. Corp. v. Drakos*,
   140 F.3d 129, 134 (2d Cir. 1998) ............................................................................... 2
*Totem Taxi, Inc. v. New York State Human Rights Appeal Bd.*,
   65 N.Y. 300, 480 N.E.2d 1075 (1985) ............................................................... *passim*
*Vitale v. Rosina Food Prods, Inc.*,
   283 A.D.2d 141, 142, 727 N.Y.S.2d 215, 217-18 (4th Dept. 2001) .......................... 6


Statutes

42 U.S.C. § 1981 .................................................................................................... 2, 5
42 U.S.C. § 1982 .............................................................................................. 1, 2, 4, 5


Rules

Fed. R. Civ. 12(b)(6) .................................................................................. 1, 2, 3, 13, 15
Fed. R. Civ. 12(d) ................................................................................................... 1, 15


Other Authorities

5B Fed. Prac. & Proc. Civ § 1357 (3d ed.) ................................................................ 3
Prosser and Keeton, Torts § 2, at 9-10 (5th ed. 1984) ............................................. 14
Restatement (Second) of Torts § 908 (1979) ........................................................... 14

Defendant Apple Inc. ("Apple") respectfully submits this memorandum of law in support of its motion for judgment, pursuant to Rules 12(b)(6) and 12(d) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

For the third time, Plaintiffs use the judicial process to search Apple's pockets for relief the law does not provide. Following limited discovery and two opportunities to amend their pleadings, Plaintiffs still cannot provide this Court with a legitimate basis for the three remaining claims now prosecuted in their Second Amended Complaint (the "Complaint"). First, the Complaint fails to make the requisite showing that any defendant deprived them of any interest in property; therefore, no claim under the Civil Rights Act of 1864, 42 U.S.C. § 1982, may lie. Second, the Complaint fails to allege Apple's knowledge and condonation of the allegedly discriminatory acts sufficient to trigger liability under New York State Executive Law ("Executive Law") Article 15 § 296 or Administrative Code of the City of New York ("Administrative Code") § 8-107. Finally, the Complaint fails to set forth a cognizable employment relationship between Apple and the alleged perpetrators of discrimination sufficient to expose it to liability under the doctrine of *respondeat superior*. Apple, therefore, asks this Court to bring this fishing expedition to a close and dismiss the claims alleged against it herein.

## FACTS

The Complaint identifies plaintiffs Brian Johnston and Nile Charles ("Plaintiffs") as aggrieved African-American visitors to a flagship Apple Store at 1981 Broadway in New York

City (the "Broadway Store").[1]  According to the Complaint, during the course of their December 9, 2010 visit, store security personnel approached them and stated:

> Either you're here to see a Mac Specialist or to purchase something.   If you are not doing either you have to leave the store.  And before you say I'm racially discriminating against you let me stop you.  I am discriminating against you. I don't want "your kind" hanging out in the store.

2d Am. Compl.   ¶ 43.   In response, Plaintiffs assert that they requested to speak to a store manager to file a complaint.  *Id*. ¶ 48.  The "Head of Security" informed them that "there was no complaint to be made and walked away from the Plaintiffs, deliberately ignoring their request[.]" *Id*.  Plaintiffs assert that they then searched the Apple Store, located a manager, and informed the manager of their allegedly discriminatory experiences with the security personnel. *Id.* ¶ 49.  The Complaint states that the manager then directed security to call 911 and ejected the Plaintiffs from the store. *Id.* ¶¶  53, 55.

## PROCEDURAL POSTURE

In February 2011, Plaintiffs filed a five-count complaint against Apple seeking punitive damages, costs and disbursements for  (1) negligent hiring and retention; and violations of (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 1982; (4) New York State Executive Law Article 15 § 296; and (5) Administrative Code of the City of New York  § 8-107.  Apple moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12.

On June 28, 2011, this Court held a hearing on the motion to dismiss.  Following oral argument, this Court dismissed Plaintiffs' negligent hiring and retention claim with prejudice but provided for limited discovery designed to explore the relationship between Apple and the

---

[1]  At the motion to dismiss stage, the Court assumes as true "all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).  Accordingly, this Statement of Facts sets forth the facts in the light most favorable to the Plaintiffs.  Neither this statement, nor the recitation of facts in the argument, constitutes a concession.

alleged perpetrators of discrimination.   This Court provided the Plaintiffs with one final amendment of their pleadings at the conclusion of limited discovery.[2]

The Plaintiffs served a set of five Special Interrogatories on Apple on July 5, 2011. Apple responded on July 12, 2011.   Thereafter, the Plaintiffs amended their Complaint to renew their pursuit of relief under § 1982, New York State Executive Law Article 15 § 296, and Administrative Code of the City of New York § 8-107.

## ARGUMENT

### I.   STANDARD OF REVIEW

Plaintiffs' Complaint against Apple fails to state a claim under Fed. R. Civ. P. 12, as construed by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 522 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2007).   In reviewing a motion to dismiss, "[t]he court is not limited to the four corners of the complaint."   5B FED. PRAC. & PROC. CIV § 1357 (3d ed.); *accord Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) ("We include in this [Fed. R. Civ. P. 12(b)(6)] analysis not only the assertions made within the four corners of the complaint itself, but also those contained in documents attached to the pleadings or in documents incorporated by reference." (citing *Austin v. Ford Models, Inc.,* 149 F.3d 148, 152 (2d Cir. 1998); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991)).   The Court also may consider documents incorporated into the complaint by reference and information that could be judicially noticed. *Church of Scientology Int'l. v. Time Warner, Inc.,* 806 F. Supp. 1157 (S.D.N.Y. 1992).

To survive a motion to dismiss, the Complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 129 S.Ct at 1949.   Unless each element of a claim is supported by factual content that

---

[2] Plaintiffs served Apple with their first Amended Complaint on June 6, 2011.

makes the existence of that element plausible, not just conceivable, the complaint should be dismissed. *Iqbal*, 129 S.Ct. at 1950-53; *Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) ("It is well established that mere conclusory allegations are insufficient to establish a cause of action for a violation of civil rights." (quoting *Mazurek v. Wolcott Bd. of Educ.*, 815 F. Supp. 71, 77 (D. Conn. 1993)). Because no such factual basis exists here, Apple is entitled to judgment as a matter of law.

## II.   PLAINTIFFS' FIRST CLAIM UNDER 42 U.S.C. § 1982 MUST BE DISMISSED.

Plaintiffs' voluntary dismissal of their § 1981 claim warrants dismissal of their related claim under § 1982. As this Court observed in *Bishop v. Best Buy Co., Inc.*, 2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010) (dismissing plaintiffs' § 1982 claims), "[i]n retail cases alleging violations of both the contracts clause of section 1981 and section 1982, the two claims are often considered together, and the conclusion that plaintiff has not pled that he was denied the right to enter into a contract counsels in favor of dismissal of the section 1982 claim." 2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010) (invoking the same rationale to dismiss both plaintiffs' § 1981 and § 1982 claim); *id.* (citing *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 395 (2006) ("[W]e are confident that our reasoning vis-à-vis section 1981 (and, thus, our holding) applies with equal force to any claim that the appellant might have under section 1982. Simply put, the facts set forth in the amended complaint fail to show a sufficient nexus between the alleged discrimination and the appellant's purchase of goods (i.e., tangible personal property)." (citing *Garrett v. Tandy Corp.*, 295 F.3d 94, 103 (1st Cir. 2002))). As applied to this case, *Bishop* precludes relief under § 1982.

*Bishop*, too, arose out of an alleged "lamentable" retail experience. In that case, African-American plaintiff Samaad Bishop purchased a camera and some water at a Lexington Avenue Best Buy store. As he exited, Best Buy employees asked to see his sales receipt. Upon Mr.

Bishop's refusal, he was "attacked". 2010 WL 4159566, at *1. Afterwards, Mr. Bishop brought suit, pursuant to 42 U.S.C. §§ 1981 and 1982, arguing that the "attack" was racially motivated. *Id.*

On review of his Section 1981 claim, this Court observed that Mr. Bishop's "contractual relationship with Best Buy had already ended when he was stopped to verify his receipt. Therefore, none of Defendants' actions interfered with his right to contract with Best Buy." *Id.* And, the court continued, "[e]ven interpreting [P]laintiff's complaint liberally, he has failed to identify a cognizable interest in real or personal property" so as to state a valid claim under § 1982. *Id.* Accordingly, this Court dismissed both claims.

Plaintiffs Johnston and Charles have presented this Court with a ***stronger*** case for dismissal than that in *Bishop*. As in *Bishop*, Plaintiffs completed their retail purchases prior to any alleged misconduct. *Compare* 2d Am. Compl. ¶ 38 (Plaintiffs had "made their purchase" and "proceeded upstairs" to the "entry level of the Defendants' retail store.") *with id.* ¶ 39 (Security Personnel approach the Plaintiffs). But, in this case, Plaintiffs concede that the alleged perpetrators actually ***invited*** them to purchase property or see a Specialist. *Id.* ¶ 43 ("Either you're here to see a Mac Specialist or to purchase something. If you are not doing either you have to leave the store."). In fact, after the allegedly discriminatory event, the Plaintiffs admit that they were free to "search the retail store", *id.* at 49, and file their Complaint with an Apple manager. *Id.* 51. Thus, Plaintiffs can provide no plausible basis for the inference that either the security personnel or Apple employees interfered with their interests in property. This Court has already cautioned the Plaintiffs to reconsider their pursuit of relief under the Civil Rights Act. June 28, 2011 Tr. 22:17-19 ("I think the Section 19[8]1 claim is also unlikely to survive . . . ."). And Plaintiffs have already ceded partial defeat and voluntarily dismissed their pursuit of relief

under Section 1981.  Under *Bishop*, Plaintiffs' voluntarily dismissal of its Section 1981 claims "counsels in favor of dismissal of the section 1982 claim."  2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010) (dismissing § 1982 claim).

**III.**   **PLAINTIFFS' SECOND CLAIM UNDER EXECUTIVE LAW § 296 MUST BE DISMISSED.**

As Apple has repeatedly asserted—and subsequent discovery has affirmed—the alleged perpetrators of discriminatory conduct here were not employees of Apple.  Nevertheless, in the counter-factual hypothetical universe that might provide Plaintiffs with such an argument, the Complaint's failure to allege that Apple encouraged, condoned, or approved any of the alleged discrimination is fatal to its pursuit of relief under New York Executive Law § 296.  *See Totem Taxi, Inc. v. New York State Human Rights Appeal Bd.*, 65 N.Y. 300, 305, 480 N.E.2d 1075, 1077-78 (1985) (vindicating Petitioner-employer taxi cab company for discriminatory acts perpetrated by its employee); *accord Heskin v. Insite Advertising, Inc.*, 2005 WL 407646, *23 (S.D.N.Y. Feb. 22, 2005) (dismissing plaintiff's claim seeking to impute a senior vice president's alleged quid pro quo harassment to his employer).  Plaintiffs bear the burden "to affirmatively demonstrate that the employer had knowledge of and acquiesced in the discriminatory conduct of its employee."  *Goering v. NYNEX Info. Res. Co.*, 209 A.D.2d 834, 619 N.Y.S.2d 167, 168 (3d Dept. 1994); *Vitale v. Rosina Food Prods, Inc.*, 283 A.D.2d 141, 143, 727 N.Y.S.2d 215, 217-18 (4th Dept. 2001).  To wit: a plaintiff must demonstrate both knowledge and condonation on the part of the employer. *Father Belle Community Ctr. v. New York State Div. of Human Rts.*, 221 A.D.2d 44, 53, 642 N.Y.S. 2d 739, 746.  The Complaint, however, fails to allege either knowledge or condonation on the part of Apple.

"[C]ourts have applied a stricter standard under the state and local human rights laws with regard to the imputation of liability to an employer, requiring that the employer encourage, condone, or approve of the conduct. . . . This interpretation is rooted in [*Totem Taxi v. State*

*Human Rights Appeal Bd.*, . . . and *Human Rights ex rel. Greene v. St. Elizabeth's Hosp.*, 66 N.Y.2d 684, 487 N.E.2d 268 (1985)]." *Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 361 (S.D.N.Y.2007).   New York has made clear that "***the employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it***." *Id.* (emphasis added).   The Complaint, however, alleges that Plaintiffs' allegations of misconduct were perpetrated by employees. *See* 2d Am. Compl. ¶ 15 ("Security Personnel qualify as employees of . . . Apple Inc."); *id.* 39-49 (alleging discriminatory acts of "Security Personnel"); *id.* ¶¶ 30, 53-55.

Plaintiffs rely upon a theory of strict employer liability for employee discriminatory acts squarely addressed, and expressly rejected, in the analogous case, *Totem Taxi, Inc. v. New York State Human Rights Appeal Bd.*   Like the Plaintiffs in this case, the *Totem Taxi* plaintiffs-passengers alleged race-based discrimination perpetrated by a Totem Taxi employee.   And, as here, Plaintiffs sued the alleged perpetrator's employer, pursuant Executive Law § 296, alleging unlawful discrimination related to a public accommodation.   *Compare Totem Taxi*, at 303, 480 N.E.2d at 1976 *with* 2d Am. Compl. ¶¶ 67-70.   The State Human Rights Division, the State Human Rights Appeal Board, and the Appellate Division of New York ruled in favor of the Plaintiffs.

Totem Taxi appealed the lower tribunals' decision to the New York Court of Appeals, relying upon "a number of recent decisions, affirmed by [the Court of Appeals], [that have] held that an employer is not liable under the State Human Rights Law for the discriminatory acts of an employee, unless the employer had knowledge of or acquiesced in the discriminatory conduct." *Totem Taxi*, at 303, 480 N.E.2d at 1076 (citing cases).   Respondent Human Rights Division (the "Division"), in turn, argued that Executive Law § 296 "imposes strict liability on

the employer for all discriminatory acts of its employees in connection with public accommodations." *Id.*

On review, the Court of Appeals, rejected the Division's strict liability argument, reasoning that "[b]y its terms, [Executive Law § 296] subdivision 2 applies to 'any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation.'   *[Subdivision 2 does not] provide[] that a person who employs one who commits a discriminatory act is also guilty of a violation irrespective of fault.*" *Id.* at 305, 480 N.E.2d at 1077 (emphasis added).   The Court continued that, "[i]f there is any ambiguity in the statute with respect to employer liability for employees' acts it is not to be found in the subdivision dealing with public accommodations.   *That subdivision* separately identifies the owner or proprietor and the employee as persons independently subject to the statute and *expressly imposes liability only on the person who actually commits the discriminatory act.*" *Id.* (emphasis added).   Thus, the *Totem Taxi* Court reversed the lower tribunals' decisions and vindicated the employer from liability.

New York Human Rights Law does not define "employer," *McNulty v. New York City Dept. of Finance*, 941 F. Supp. 452, 459 (S.D.N.Y. 1996) ("The Human Rights Law . . . provides no clue to whether individual employees of a corporate employer may be sued under its provisions." (citation omitted)), but subsequent decisions limit the term to "owners" and "decisionmakers *in the business.*"   *McIlwain v. Korbean Int'l Inv. Corp.*, 896 F. Supp. 1373, 1382 (S.D.N.Y. 1995) (emphasis added).   As this Court clarified in *McIlwain*, *only directors of the defendant company*, or other "corporate agents" constitute "owners" or "decisionmakers *in the business*" for purposes of New York Human Rights Law. *Id.* (citation omitted and emphasis added).   The Complaint contains no indication that the alleged store manager possessed any

ownership interest (much less a director-type interest) or exercised any decisionmaking authority over the corporate affairs of Apple.

In sum, Plaintiffs ask this Court to reverse nearly three decades of jurisprudence post-*Totem Taxi* and affirm the strict liability principle rejected by the Court of Appeals. *Negussey v. Syracuse Univ.*, 1997 WL 141679, at *5 (N.D.N.Y. Mar. 24, 1997) ("What is the law with respect to imputing employee conduct in derogation of the Human Rights Law to the employer? Respondeat superior has been squarely rejected."). As *Totem Taxi* teaches, employer liability under § 296 is a policy question "solely within the province of the Legislature." *Id.* The Legislature has answered that question and declined to impose liability. On this record, and in the absence of any showing of culpability on the part of Apple itself, *Totem Taxi* compels dismissal of the Executive Law § 296 claim against Apple.

## IV.   PLAINTIFFS' THIRD CLAIM UNDER THE ADMINISTRATIVE CODE OF NEW YORK MUST BE DISMISSED.

For substantially the same reasons set forth, *supra*, Plaintiffs fail to state a claim under the Administrative Code of the City of New York § 8-107. As the Court of Appeals affirmed in *Forrest v. Jewish Guild for the Blind*, "the human rights provisions of the New York City Administrative Code mirror the provisions of the Executive Law and should therefore be analyzed according to the same standards." 3 N.Y.3d 295, 305 n.3, 786 N.Y.S.2d 382 (2004). And, as noted in Section III, the applicable standard absolves Apple of liability for the allegedly discriminatory conduct perpetrated by employees. *See Totem Taxi, Inc.*, 65 N.Y. at 305, 480 N.E.2d at 1077-78 ("the employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it.").

Nor does Plaintiffs' alternative characterization of the security personnel as independent contractors revive their § 8-107 claim. As a general rule, an employer is not liable for the

conduct of its independent contractors.  *See Kleeman v. Rheingold*, 614 N.E.2d 712, 715, 81 N.Y.2d 270, 273 (1993). Section 8-107 carves out an exception to the general rule to permit liability upon "***actual*** knowledge of and ***acquiesce[nce]*** in such [discriminatory] conduct." The Complaint contains no basis for a plausible inference that Apple actually knew of the alleged misconduct, much less acquiesced, in its commission.[3]

## V.   NO EMPLOYMENT RELATIONSHIP EXISTED BETWEEN APPLE AND THE SECURITY PERSONNEL.

As this Court noted in its June 28, 2011 hearing, "the real heart of this  issue is going to be the joint employee issue."  June 28, 2011 Tr. 22:19-20.  And, although neither the Original Complaint nor the First Amended Complaint alleged (much less established) the presence of a joint-employment relationship, *see id.* 5:17-19 ("On the present pleading a joint employment is . . . certainly not pleaded with the adequate specificity to survive a motion to dismiss"), Plaintiffs' counsel expressed his "belief" "based on reading of other documents and speaking to clients that [Plaintiffs] would be able to allege facts to show a joint employer relationship."  *Id.* at 6:14-17. This Court then provided the Plaintiffs with limited discovery to explore the nature of the relationship between Apple and the security personnel identified in the Complaint. *Id.* at 12:15-22.

The Second Circuit articulated five factors relevant to a designation of a party as a "joint employer" in *Clinton's Ditch Coop. Co., Inc. v. Nat'l Labor Relations Bd.*, 778 F.2d 132, 138 (2d Cir. 1985).  Under *Clinton's Ditch*, a joint employer relationship exists where the business entities share or codetermine matters governing the essential terms and conditions of

---

[3] Any notion that any alleged knowledge or acquiescence on the part of the Apple manager may be imputed to the Company is foreclosed by *Totem Taxi*, at 305, 480 N.E.2d at 1077 (Section 296(2) does not provide that a person who employs one who commits a discriminatory act is also guilty irrespective of fault) and *Forrest*, 3 N.Y.3d at 305 n.3, 786 N.Y.S.2d 382 (the Section 296 standard governs relief under Section 8-107).

employment: (a) hiring and firing; (2) discipline; (3) pay, insurance, and records; (4) supervision; and (5) direction. *See id.* at 138-139. Pursuant to this Court's instruction, June 28, 2011 Tr. 12:15-21, Plaintiffs propounded Special Interrogatories designed to investigate the relationship (or lack thereof) between the parties. Apple responded on July 12, 2011, affirming the absence of any employment relationship with the security personnel, specifically:

- Apple Inc. has no knowledge and does not possess any information regarding the schedule of any such specific Omniscient employee. Special Interrogs. at 1.

- Apple Inc. has no knowledge of the process of scheduling or assigning any specific security personnel to any duty or location within the Broadway Store and does not possess any information regarding such process. *Id.* at 4.

- Apple Inc. has no knowledge and does not possess any information regarding the interviewing, hiring, reviewing, disciplinary, or firing process of any specific Omniscient security personnel. *Id.* at 5.

- Apple neither provides nor enforces any specific rule of conduct or safety with respect to Omniscient personnel other than the "Supplier Code of Conduct." Omniscient is responsible for implementation of the Code of Conduct within its company. Omniscient is responsible for the enforcement of the Code of Conduct against its own employees. *Id.* at 6.

- Apple Inc. has no knowledge and does not possess any information regarding specific clothing or items of equipment utilized by the security personnel at the Broadway Store. Apple does not request any uniform or dress code for any security personnel. *Id.* at 7.

*See* August 10, 2011 Declaration of Thomas M. Crispi ("Crispi Dec."), Ex. E ("Special Interrogatories"). In other words, Apple's relationship with Omniscient's security personnel contains none of the badges of an employment relationship as set forth in *Clinton's Ditch*.

On July 28, 2011, Plaintiffs served their Second Amended Complaint for relief. Their Second Amended Complaint, however, suffers from the same pleading defects as their prior pleadings; namely, the proliferation of conclusory (and conflicting) allegations with no factual support. Nowhere does the Complaint allege (much less establish) Apple's determination of most of the *Clinton's Ditch* factors, specifically: the (a) hiring and firing; (2) discipline; or (3)

pay, insurance, and records of Omniscient employees. And, although the Complaint conclusorily alleges that the remaining *Clinton's Ditch* factors (supervision and direction) exist, *see* 2d Am. Compl. ¶¶ 17-26, the Complaint contains no factual basis to support the plausible inference that Apple controls either "methods and means" by which the work is to be done. *Lazo v. Mak's Trading Co., Inc.*, 605 N.Y.S.2d 272, 273-74, 199 A.D.2d 165 (1st Dept. 1993) ("The determination of whether one is an independent contractor typically involves a question of fact concerning which party controls the methods and means by which the work is to be done.").

Even the Complaint admits that Apple neither supervises nor directs their conduct within the store: "Apple Inc. permit[s] Security Personnel to work within the Broadway Store *without restriction*[.]" 2d Am. Compl. ¶ 15 (emphasis added). At most, the Complaint confirms that Apple contracts for the performance of certain duties and that the security personnel responsible for the performance of those duties may inform Apple about any notable incident. *See, e.g.*, 2d Am. Compl. ¶ 17 (Security Personnel must report inappropriate or suspicious behavior to Apple), ¶ 25 (Security Personnel must provide incident reports), ¶ 26 (Security Personnel must implement loss prevention tools and techniques).

Plaintiffs' selective (but nevertheless inapposite) use of certain provisions of the Contract requiring security personnel to report "inappropriate" or "suspicious" behavior to Apple and empowering Apple to articulate security personnel job duties, *see* Compl. 17, 24, does not alter the fundamental contractor relationship. The contract for services between Apple and Omniscient affirms that the relationship between the two parties is one of an independent contractor—not employment.

> **Definition of Supplier Personnel**: Supplier Personnel [Omniscient], as used in this Agreement, means Supplier's employees, agents, consultants and contractors. For the purposes of this Agreement, *the acts and omissions of Supplier Personnel shall be deemed to be the acts and omissions of Supplier*.

Relationship.  Supplier is an independent entity providing services to Apple.  ***No employment relationship is created by this Agreement.***

*See* Defendant's Motion For Judgment Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(d), Ex. A ("May 23, 2011 Declaration of Pierre Auguste ("Auguste Dec."), Ex. A.1 ("Apple Inc. Services Agreement with Omniscient Investigation Corporation" or "Agreement"), at 22 ¶ 5.0 (emphasis added).  As Exhibit D to the Agreement confirms, Omniscient is responsible for all badges of employment—wages, compensation, and employment benefits.  *Id.*, Exhibit D ("Form Letter Agreement for Supplier's Employees and Agents").

But even if the Complaint could be construed to admit that Apple exercises some supervisory authority over the security personnel, "the mere retention of general supervisory powers over independent contractors cannot be a basis for the imposition of liability for their acts" or to otherwise transform the independent contractor relationship into one of employer-employee.  *See* Lazo, at 274, 199 A.D.2d at 274 (concluding, as a matter of law that no employment relationship existed) (citing cases); *accord Foran v. Marsh & McLennan, Inc.*, 288 N.Y.S.2d 517, 29 A.D.2d 857 (1st Dept. 1968) (retention of general supervisory powers over the subcontractors is insufficient to trigger liability for independent contractors).

Therefore, as a matter of law, Apple possesses no cognizable employment relationship with the alleged perpetrators sufficient to give rise to liability for the underlying allegations. Apple is thus entitled to judgment.  *See Bravo v. Eastpoint Int'l, Inc.*, 2001 WL 314622 (S.D.N.Y. March 30, 2001) (granting motion to dismiss because Plaintiffs failed to plead defendant's power to control); *see also Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 216-17 (S.D.N.Y. 2010) (recognizing the application of the joint employer doctrine to claims under Section 1981 and the New York State Human Rights Law).

## VI.   PLAINTIFFS CAN RECOVER NO PUNITIVE DAMAGES, FEES OR COSTS FROM APPLE.

Notwithstanding this Court's expression of "extreme[] skeptic[ism]" that "the punitive damages claim w[ould] survive," and this Court's "urg[ing] [of] plaintiffs' counsel to think about whether they want to include that in their amended pleading," June 28, 2011 Tr. 22:14-17, the Plaintiffs continue to pursue them.  But, as the Court of Appeals observed in  Prozeralik v. Capital Cities Communications, Inc.,

> Something more than the mere commission of a tort is *always* required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful [sic] or wanton.

626 N.E.2d 34, 82 N.Y.2d 466, 479 (1993) (quoting Prosser and Keeton, TORTS § 2, at 9-10 (5th ed. 1984)) (emphasis added); *accord* RESTATEMENT (SECOND) OF TORTS § 908 (1979).  At the initial oral argument on the first motion to dismiss, this Court observed that:

> You [Plaintiffs] don't remotely suggest any basis for believing that either defendant had anything to do with this.  Now, they may be liable on a compensatory basis by the nature of *respondeat superior*, but for punitive damages it has to be something much closer to this is their policy and practice and evidences a wanton disregard for the rights of customers or African-American customers, or something like that.  You don't allege any of that other than in conclusory fashion.

June 28, 2011 Tr. 19:10-18.  Plaintiffs' Second Amended Complaint fares no better.  The Plaintiffs still cannot point to a policy nor any other evidence containing the requisite aggravation, outrage, spite, malice, fraud or evil motive necessary to sustain a claim for punitive damages. *Prozeralik,* 626 N.E.2d 34, 82 N.Y.2d at 479.

## VII.   LEAVE TO AMEND IS FUTILE

The law provides the Plaintiffs no relief from Apple.  Leave to amend is, therefore, futile. *Holmes v. Grubman,* 568 F.3d 329, 334 (2d Cir. 2009) ("A district court has discretion to deny leave for good reason, including futility . . . ." (internal quotation marks and alteration omitted)).

## CONCLUSION

Accordingly, Apple Inc. respectfully requests that this Court dismiss Plaintiffs' Complaint as against it with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), Rule 12(d), and for other such further relief as this Court deems appropriate.

Respectfully submitted,

SCHIFF HARDIN LLP

/s/ Thomas M. Crispi
Thomas M. Crispi (TC-2733)
Kellen G. Ressmeyer
tcrispi@schiffhardin.com
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

*Attorneys for Apple Inc.*